UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MUSTAFA MUHAMMAD MUFTAH AL-IMAM,<br><br>Defendant. | Criminal No. 17-213<br>CRC/DAR |

**MEMORANDUM OF FINDINGS OF FACT AND STATEMENT
OF REASONS IN SUPPORT OF ORDER OF DETENTION**

**I. INTRODUCTION**

Defendant is charged by indictment with conspiracy to provide material support and resources to terrorists resulting in death, in violation of 18 U.S.C. § 2339A (Count One).  *See* Indictment (ECF No. 11).  The undersigned conducted a detention hearing on November 9, 2017.

Upon consideration of the proffers and arguments of counsel, and the entire record herein, the undersigned ordered Defendant held without bond pursuant to 18 U.S.C. § 3142(e).  The findings of fact and statement of reasons in support of the Order of Detention follow.

**II. THE BAIL REFORM ACT**

The Bail Reform Act of 1984, 18 U.S.C. § 3141, *et seq.*, provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community, such judicial officer shall order the detention of the [defendant] before trial."  18 U.S.C. § 3142(e); *see also United States v. Henry*, 935 F. Supp. 24, 25 (D.D.C. 1996) (citation omitted) ("If a defendant poses a danger to society, the Court has a sufficient basis upon which to order pretrial detention.").

In instances in which pretrial detention is sought on the ground that there are no conditions of release that will reasonably assure the defendant's appearance, the government must show by a preponderance of the evidence that the defendant poses a risk of flight if released before trial. *See United States v. Anderson*, 382 F. Supp. 2d 13, 14 (D.D.C. 2005) (citations omitted) ("[T]he [Bail Reform Act] provides for pretrial detention if the government establishes by a preponderance of the evidence that the defendant is likely to flee before trial if released and that no condition or combination of conditions will reasonably assure the appearance of the defendant as required.").

In determining whether there are conditions of release which will reasonably assure the appearance of the person as required, and the safety of any other person and the community, the judicial officer shall take into account the available information concerning: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the defendant's release. 18 U.S.C. § 3142(g).

A rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community exists if the judicial officer finds that there is probable cause to believe that the defendant has committed an offense listed in Section 2332b(g)(5)(B) of Title 18, for which a maximum term of imprisonment of ten years or more is prescribed. 18 U.S.C. § 3142(e)(3)(C). An indictment is sufficient to establish probable cause for purposes of 18 U.S.C. § 3142(e). *See United States v. Williams*, 903 F.2d 844 (D.C. Cir. 1990).

### III. DISCUSSION

Both counsel for the government and counsel for the Defendant proceeded by proffer.

Counsel for the government, in the government's proffer of evidence, principally relied upon its written memorandum; thus, said memorandum is incorporated herein by reference. *See* Government's Memorandum in Support of Pretrial Detention ("Government's Memorandum") (ECF No. 12).

Defendant, through counsel, requested that he be released on conditions. In support, counsel for Defendant proffered that Defendant's alleged role in the attack on the U.S. Special Mission in Benghazi, *see* Government's Memorandum at 6, is not as significant as the government claims; that he is not violent, and is in poor physical condition. Counsel acknowledged that the Defendant does not have any ties to the community, *see* Government's Memorandum at 10, but requested that the Defendant (1) be released on the condition that he reside in a halfway house and (2) be monitored by GPS.

## IV. FINDINGS OF FACT

For the following reasons, the undersigned finds by a preponderance of evidence that no condition or combination of conditions would reasonably assure the Defendant's appearance. Additionally, the undersigned finds that the government has shown by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community.

First, the nature and circumstances of the offense charged can only be described, as the government suggests, as "grave[.]" *See* Government's Memorandum at 5.

Second, the undersigned finds that the weight of the evidence against Defendant is compelling. Witnesses place the Defendant at the scene of the attack and phone records revealed the Defendant's connection to a commander of an extremist brigade who orchestrated and

participated in the attack. Additionally, the Defendant's post-capture statements to the FBI corroborated witness statements and provided more detailed information regarding his involvement in the attack. *See* Government's Memorandum at 7.

With respect to the third factor, the undersigned finds that Defendant is a resident and citizen of Libya, a country with which the United States has no extradition treaty. Defendant has no familial or other ties to the United States.

Finally, the undersigned finds that the Defendant's indictment for an offense that is a federal crime of terrorism, resulting in death, warrants a finding that his release would pose a danger to the community.

The undersigned has carefully considered Defendant's limited proffer of evidence, and finds that it is insufficient to rebut either of the applicable presumptions in favor of pretrial detention.

## V. CONCLUSION

On the basis of the foregoing findings of fact and reasons, Defendant will be held without bond pursuant to the November 9, 2017 Order of Detention.

/s/
DEBORAH A. ROBINSON
United States Magistrate Judge

November 27, 2017
DATE

November 9, 2017
NUNC PRO TUNC