**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**Holding a Criminal Term
Grand Jury Sworn in on May 3, 2018**


| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | **CRIMINAL NO.** |
| | : | |
| **v.** | : | |
| | : | **VIOLATIONS:** |
| | : | |
| | : | **18 U.S.C. § 2339A** |
| **MUSTAFA MUHAMMAD** | : | **(Conspiracy to Provide Material** |
| **MUFTAH AL-IMAM,** | : | **Support and Resources to Terrorists** |
| | : | **Resulting in Death)** |
| **also known as "Mustafa** | : | |
| **Muhammad Muftah Al-Shykh"** | : | **18 U.S.C. §§ 2339A and 2** |
| | : | **(Providing Material Support and** |
| | : | **Resources to Terrorists Resulting in** |
| **Defendant** | : | **Death; Aiding and Abetting and Causing** |
| | : | **an Act to be Done)** |
| | : | |
| | : | **18 U.S.C. §§ 1116, 1111 and 2** |
| | : | **(Murder of an Internationally** |
| | : | **Protected Person; Aiding and Abetting** |
| | : | **and Causing an Act to be Done)** |
| | : | |
| | : | **18 U.S.C. §§ 1114, 1111 and 2** |
| | : | **(Murder of an Officer and Employee of** |
| | : | **the United States; Aiding and Abetting** |
| | : | **and Causing an Act to Be Done)** |
| | : | |
| | : | **18 U.S.C. §§ 1114, 1113 and 2** |
| | : | **(Attempted Murder of an Officer and** |
| | : | **Employee of the United States; Aiding** |
| | : | **and Abetting and Causing an Act to Be** |
| | : | **Done)** |
| | : | |

:       **18 U.S.C. §§ 930(c), 1111, and 2**
:       **(Killing a Person in the Course of an**
:       **Attack on a Federal Facility Involving the**
:       **Use of a Firearm and a Dangerous**
:       **Weapon; Aiding and Abetting and**
:       **Causing an Act to be Done)**
:
:       **18 U.S.C. §§ 844(f)(1)&(3) and 2**
:       **(Maliciously Damaging and Destroying**
:       **U.S. Property by Means of Fire and an**
:       **Explosive Causing Death; Aiding and**
:       **Abetting and Causing an Act to be Done)**
:
:       **18 U.S.C. §§ 1363, 7 and 2**
:       **(Maliciously Destroying and Injuring**
:       **Dwellings and Property and Placing Lives**
:       **in Jeopardy within the Special Maritime**
:       **and Territorial Jurisdiction of the United**
:       **States and Attempting to Do the Same;**
:       **Aiding and Abetting and Causing an Act**
:       **to Be Done)**

## INDICTMENT

The Grand Jury charges that:

## COUNT ONE

**(Conspiracy to Provide Material Support and Resources to Terrorists Resulting in Death)**

At all times material to this Indictment:

## Introduction

### A. Background

1. The country of Libya is located in North Africa along the Mediterranean Sea.  Its capital is
   Tripoli.  Benghazi, Libya's second largest city, is located in the northeastern part of the
   country, approximately 400 miles east of Tripoli.

2. In 1969, Muammar Gaddafi seized power in Libya through a coup and remained Libya's

leader until 2011, at which time a civil war erupted in Libya.  The civil war began in the city of Benghazi, which was controlled by the rebels and served as the base of operations for the rebel-led Transitional National Council ("TNC").

3.  On February 25, 2011, the U.S. Department of State suspended operations in Libya and evacuated American personnel.

4.  On April 5, 2011, the then-United States Special Envoy J. Christopher Stevens arrived in Benghazi to re-establish an American presence in Libya.  On July 15, 2011, the United States officially recognized the TNC as Libya's governing authority.  In August 2011, Gaddafi was ousted from power.

5.  In November 2011, the United States established a diplomatic outpost in Benghazi, known as the U.S. Special Mission ("Mission").  A contingent of U.S. State Department personnel was based at the Mission.

6.  A second U.S. facility was established in Benghazi, known as the Annex.  A contingent of U.S. personnel was based at the Annex.

7.  On May 26, 2012, J. Christopher Stevens arrived in Tripoli as the U.S. Ambassador to Libya.  On September 11, 2012, J. Christopher Stevens was in Benghazi.

8.  On September 11 and 12, 2012, the Mission and the Annex were attacked.

**B.  The Defendant**

9.  **MUSTAFA MUHAMMAD MUFTAH AL-IMAM** , also known as Mustafa Muhammad Muftah Al-Shykh, (hereinafter referred to as **AL-IMAM**) was a citizen of Libya and resident of Benghazi.  **AL-IMAM** was the trusted aide of AHMED SALIM FARAJ ABU KHATALLAH (hereinafter "KHATALLAH"), the leader of Ubaydah Bin Jarrah ("UBJ"),

an Islamist extremist militia in Benghazi, which had the goal of establishing Sharia law in Libya.

10. At all times relevant to this indictment, **AL-IMAM's** actions were primarily directed by KHATALLAH, the Benghazi-based leader of the UBJ.

11. At all times relevant to this indictment, UBJ acted in conjunction with Ansar al Sharia (hereinafter "AAS"), another Islamist extremist group in Libya with the shared goal of establishing Sharia law in Libya.  AAS members respected KHATALLAH and would follow his orders.

## C. U.S. Personnel Victims of the September 11-12, 2012 Attack on the Mission and Annex

12. J. Christopher Stevens, a citizen of the United States, was the United States Ambassador to Libya and was stationed at the U.S. Embassy in Tripoli.

13. Sean Patrick Smith, a citizen of the United States, was employed by the U.S. Department of State as an Information Management Officer and was stationed at the Mission.

14. Scott Wickland, a citizen of the United States, was employed by the U.S. Department of States as an Assistant Regional Security Officer and was stationed at the Mission.

15. David Ubben, a citizen of the United States, was employed by the U.S. Department of State as an Assistant Regional Officer and was stationed at the Mission.

16. Tyrone Snowden Woods, a citizen of the United States, was a Security Officer and was stationed at the Annex in Benghazi.

17. Glen Anthony Doherty, a citizen of the United States, was a Security Officer and was stationed at the U.S. Embassy in Tripoli.

18. Mark Geist, a citizen of the United States, was a Security Officer and was stationed at the Annex in Benghazi.

4

**D. Jurisdiction and Venue**

19. All of the acts referred to in this Indictment were begun and committed in Libya, which is outside the jurisdiction of any particular state or district, but within the extraterritorial jurisdiction of the United States. Joint offender KHATALLAH was first brought to the District of Columbia, and therefore, pursuant to Title 18, United States Code, Section 3238, these acts are within the venue of the United States District Court for the District of Columbia.

**The Conspiracy**

20. Beginning on a date unknown to the Grand Jury but no later than on or about September 11, 2012, and continuing until on or about September 12, 2012, in Libya, defendant **AL-IMAM** did knowingly and intentionally conspire and agree with other conspirators known and unknown to the Grand Jury, to provide material support and resources to terrorists, that is, personnel including himself and others, as defined in Title 18, United States Code, Section 2339A(b)(1), knowing and intending that the material support and resources were to be used in preparation for and in carrying out a violation of Title 18, United States Code, Section 1116, Murder of an Internationally Protected Person, as set forth in Count Three of this Indictment, a violation of Title 18, United States Code, Section 1114, Murder of an Officer and Employee of the United States, as set forth in Counts Four through Six of this Indictment, a violation of Title 18, United States Code, Section 1114, Attempted Murder of an Officer and Employee of the United States, as set forth in Counts Seven through Nine of this Indictment, a violation of Title 18, United States Code, Section 930(c), Killing a Person in the Course of an Attack on a Federal Facility Involving the Use of a Firearm and a Dangerous Weapon, as set forth in Counts Ten through Thirteen of this Indictment, a violation of Title

18, United States Code, Section 844(f), Maliciously Damaging and Destroying U.S. Property by Means of Fire and an Explosive Causing Death, as set forth in Counts Fourteen and Fifteen of this Indictment, and a violation of Title 18, United States Code, Section 1363, Maliciously Destroying and Injuring Dwellings and Property and Placing Lives in Jeopardy within the Special Maritime and Territorial Jurisdiction of the United States and Attempting to Do the Same, as set forth in Counts Sixteen and Seventeen of this Indictment, resulting in the deaths of J. Christopher Stevens, Sean Patrick Smith, Tyrone Snowden Woods, and Glen Anthony Doherty.

### Objects of the Conspiracy

21. The objects and purposes of the conspiracy were, among others:

   a.  To remove the presence of the United States in Benghazi, Libya, through the use of force and the threat of force;

   b.  To violently attack the Mission and the Annex;

   c.  To kill United States citizens at the Mission and the Annex;

   d.  To destroy buildings and other property at the Mission and the Annex;

   e.  To plunder property from the Mission and Annex, including documents, maps and computers containing sensitive information; and

   f.  To use documents, maps and computers containing sensitive information plundered from the Mission to identify and coordinate additional attacks against United States citizens, installations, and interests in Libya.

## **Overt Acts**

22. In furtherance of this conspiracy and to effect its objects, **AL-IMAM** and other conspirators committed or caused to be committed the following overt acts, among others:

   a.  On or before September 11, 2012, KHATALLAH informed other conspirators, including **AL-IMAM**, that there was an American facility in Benghazi posing as a diplomatic post, and that he believed the facility was actually a spy base;

   b.  On the evening of September 11, 2012, KHATALLAH drove to the Mission with other conspirators including **AL-IMAM**;

   c.  **AL-IMAM** traveled to the Mission with conspirators who were armed with assault rifles and other firearms;

   d.  On September 11, 2012, at approximately 9:45 p.m., conspirators, consisting of a group of about twenty armed men, including close associates of KHATALLAH, violently breached the main (C-1) gate of the Mission;

   e.  On September 11, 2012, between approximately 9:45 and 10:00 p.m., conspirators set fire to buildings within the Mission, including Villa C, a building occupied by J. Christopher Stevens, Sean Patrick Smith, and Scott Wickland, resulting in the deaths of J. Christopher Stevens and Sean Patrick Smith;

   f.  On September 11, 2012, at approximately 10:15 p.m., the conspirators temporarily retreated to an area just outside the Mission;

   g.  On September 11, 2012, at approximately 11:15 p.m., conspirators assembled outside the Mission's southern (C-3) gate and launched a violent attack on the Mission using firearms, to include handguns, semiautomatic assault rifles, that is, AK-47-type

Case 1:17-cr-00213-CRC   Document 43   Filed 10/25/18   Page 8 of 20


assault rifles, and destructive devices, that is, grenades and rocket-propelled grenades;

h. On September 11, 2012, at approximately 11:45 p.m., conspirators entered the Mission compound and began to plunder material from within the Mission's Office including documents, maps, and computers containing sensitive information about the location of the Annex;

i. On September 11, 2012, at approximately 11:53 p.m., **AL-IMAM** entered the Mission compound and walked towards the Mission Office in the company of KHATALLAH and two other conspirators who were involved in the initial assault on the Mission's main gate;

j. On September 11, 2012, at approximately 11:53 p.m., **AL-IMAM**, followed closely by KHATALLAH, entered the Mission Office;

k. At approximately 12:00 midnight, beginning the day of September 12, 2012, **AL-IMAM**, at KHATALLAH's direction, removed a phone from the Mission Office, and **AL-IMAM** also removed a large map from the wall of the Mission Office;

l. On September 12, 2012, at approximately 12:03 a.m., KHATALLAH directed a vehicle, which had been stolen from the Mission, to the front of the Mission Office, at which time conspirators loaded the vehicle with items stolen from the Mission;

m. On September 12, 2012, shortly after midnight, **AL-IMAM** gave the phone and map that he had removed from the Mission Office to an armed conspirator;

n.  On September 12, 2012, shortly after midnight, **AL-IMAM** drove with KHATALLAH and other conspirators to an AAS camp in Benghazi, along with a vehicle and material stolen from the Mission;

o.  In the early morning hours of September 12, 2012, at the AAS camp in Benghazi, conspirators discussed attacking another location;

p.  On September 12, 2012, beginning at approximately 12:30 a.m., conspirators attacked the Annex with small arms fire, including AK-47-type assault rifles and rocket-propelled grenades;

q.  On September 12, 2012, at approximately 5:15 a.m., conspirators attacked the Annex with mortars, resulting in the deaths of Tyrone Snowden Woods and Glen Anthony Doherty and serious bodily injury to David Ubben and Mark Geist.

**(Conspiracy to Provide Material Support and Resources to Terrorists Resulting in Death,**
in violation of Title 18, United States Code, Section 2339A)

## COUNT TWO

### (Providing Material Support and Resources to Terrorists Resulting in Death)

1.  The Grand Jury realleges and incorporates by reference as if fully stated herein paragraphs 1 through 22 of Count One of this Indictment.

2.  Beginning on a date unknown to the Grand Jury but no later than on or about September 11, 2012, and continuing until on or about September 12, 2012, in Libya, defendant **AL-IMAM** and  other conspirators known and unknown to the Grand Jury, did  provide material support and resources to terrorists, that is, personnel including himself and others, as defined in Title 18, United States Code, Section 2339A(b)(1), knowing and intending that the material support and resources were to be used in preparation for and in carrying out a violation of

Title 18, United States Code, Section 1116, Murder of an Internationally Protected Person, as set forth in Count Three of this Indictment, a violation of Title 18, United States Code, Section 1114, Murder of an Officer and Employee of the United States, as set forth in Counts Four through Six of this Indictment, a violation of Title 18, United States Code, Section 1114, Attempted Murder of an Officer and Employee of the United States, as set forth in Counts Seven through Nine of this Indictment, a violation of Title 18, United States Code, Section 930(c), Killing a Person in the Course of an Attack on a Federal Facility Involving the Use of a Firearm and a Dangerous Weapon, as set forth in Counts Ten through Thirteen of this Indictment, a violation of Title 18, United States Code, Section 844(f), Maliciously Damaging and Destroying U.S. Property by Means of Fire and an Explosive Causing Death, as set forth in Counts Fourteen and Fifteen of this Indictment, and a violation of Title 18, United States Code, Section 1363, Maliciously Destroying and Injuring Dwellings and Property and Placing Lives in Jeopardy within the Special Maritime and Territorial Jurisdiction of the United States and Attempting to Do the Same, as set forth in Counts Sixteen and Seventeen of this Indictment, resulting in the deaths of J. Christopher Stevens, Sean Patrick Smith, Tyrone Snowden Woods, and Glen Anthony Doherty.

(**Providing Material Support and Resources to Terrorists Resulting in Death,** in violation of Title 18, United States Code, Section 2339A; **Aiding and Abetting and Causing an Act to Be Done,** in violation of Title 18, United States Code, Section 2)

## COUNT THREE

### (Murder of an Internationally Protected Person)

1. The Grand Jury realleges and incorporates by reference as if fully stated herein paragraphs 1 through 22 of Count One of this Indictment.

2. On or about September 11, 2012, in Benghazi, Libya, defendant **AL-IMAM**, and others known

and unknown to the Grand Jury, did unlawfully, willfully, deliberately, maliciously, and with

premeditation and malice aforethought, and in the perpetration of, and attempt to perpetrate,

an arson and a burglary, commit the murder of an internationally protected person, as defined

by Title 18, United States Code, Section 1116(b)(4), by killing J. Christopher Stevens, a

representative, officer, employee, and agent of the United States, who, as the United States

Ambassador to Libya, was entitled pursuant to international law to special protection against

attack upon his person, freedom and dignity.

(**Murder of an Internationally Protected Person,** in violation of Title 18, United States Code,
Sections 1116 and 1111; **Aiding and Abetting and Causing an Act to Be Done,** in violation of
Title 18, United States Code, Section 2)

## COUNT FOUR

### (Murder of an Officer and Employee of the United States)

1. The Grand Jury realleges and incorporates by reference as if fully stated herein paragraphs 1

   through 22 of Count One of this Indictment.

2. On or about September 11, 2012, in Benghazi, Libya, defendant **AL-IMAM**, and others known

   and unknown to the Grand Jury, did unlawfully, willfully, deliberately, maliciously, and with

   premeditation and malice aforethought, and in the perpetration of, and attempt to perpetrate,

   an arson and a burglary, commit the murder of an officer and employee of the United States

   and the executive branch of the United States Government, while such officer and employee

   was engaged in and on account of the performance of official duties, by killing Sean Patrick

   Smith.

(**Murder of an Officer and Employee of the United States**, in violation of Title 18, United States
Code, Sections 1114 and 1111; **Aiding and Abetting and Causing an Act to Be Done,** in
violation of Title 18, United States Code, Section 2)

## COUNT FIVE

### (Murder of an Officer and Employee of the United States)

1. The Grand Jury realleges and incorporates by reference as if fully stated herein paragraphs 1 through 22 of Count One of this Indictment.

2. On or about September 12, 2012, in Benghazi, Libya, defendant **AL-IMAM**, and others known and unknown to the Grand Jury, did unlawfully, willfully, deliberately, maliciously, and with premeditation and malice aforethought, commit the murder of an officer and employee of the United States and the executive branch of the United States Government, while such officer and employee was engaged in and on account of the performance of official duties, by killing Tyrone Snowden Woods.

(**Murder of an Officer and Employee of the United States**, in violation of Title 18, United States Code, Sections 1114 and 1111; **Aiding and Abetting and Causing an Act to Be Done,** in violation of Title 18, United States Code, Section 2)

## COUNT SIX

### (Murder of an Officer and Employee of the United States)

1. The Grand Jury realleges and incorporates by reference as if fully stated herein paragraphs 1 through 22 of Count One of this Indictment.

2. On or about September 12, 2012, in Benghazi, Libya, defendant **AL-IMAM**, and others known and unknown to the Grand Jury, did unlawfully, willfully, deliberately, maliciously, and with premeditation and malice aforethought, commit the murder of an officer and employee of the United States and the executive branch of the United States Government, while such officer

and employee was engaged in and on account of the performance of official duties, by killing

Glen Anthony Doherty.

(**Murder of an Officer and Employee of the United States**, in violation of Title 18, United States Code, Sections 1114 and 1111; **Aiding and Abetting and Causing an Act to Be Done,** in violation of Title 18, United States Code, Section 2)

## COUNT SEVEN

### (Attempted Murder of an Officer and Employee of the United States)

1. The Grand Jury realleges and incorporates by reference as if fully stated herein paragraphs 1 through 22 of Count One of this Indictment.

2. On or about September 11, 2012, in Benghazi, Libya, defendant **AL-IMAM**, and others known and unknown to the Grand Jury, did unlawfully, willfully, deliberately, maliciously, and with premeditation and malice aforethought, and in the perpetration of, and attempt to perpetrate, an arson and a burglary, attempt to commit the murder of an officer and employee of the United States and the executive branch of the United States Government, while such officer and employee was engaged in and on account of the performance of official duties, by attempting to kill Scott Wickland.

(**Attempted Murder of an Officer and Employee of the United States**, in violation of Title 18, United States Code, Sections 1114 and 1113; **Aiding and Abetting and Causing an Act to Be Done,** in violation of Title 18, United States Code, Section 2)

## COUNT EIGHT

### (Attempted Murder of an Officer and Employee of the United States)

1. The Grand Jury realleges and incorporates by reference as if fully stated herein paragraphs 1 through 22 of Count One of this Indictment.

2.  On or about September 12, 2012, in Benghazi, Libya, defendant **AL-IMAM**, and others known and unknown to the Grand Jury, did unlawfully, willfully, deliberately, maliciously, and with premeditation and malice aforethought, attempt to commit the murder of an officer and employee of the United States and the executive branch of the United States Government, while such officer and employee was engaged in and on account of the performance of official duties, by attempting to kill David Ubben.

(**Attempted Murder of an Officer and Employee of the United States**, in violation of Title 18, United States Code, Sections 1114 and 1113; **Aiding and Abetting and Causing an Act to Be Done,** in violation of Title 18, United States Code, Section 2)

## COUNT NINE

### (Attempted Murder of an Officer and Employee of the United States)

1.  The Grand Jury realleges and incorporates by reference as if fully stated herein paragraphs 1 through 22 of Count One of this Indictment.

2.  On or about September 12, 2012, in Benghazi, Libya, defendant **AL-IMAM**, and others known and unknown to the Grand Jury, did unlawfully, willfully, deliberately, maliciously, and with premeditation and malice aforethought, attempt to commit the murder of an officer and employee of the United States and the executive branch of the United States Government, while such officer and employee was engaged in and on account of the performance of official duties, by attempting to kill Mark Geist.

(**Attempted Murder of an Officer and Employee of the United States**, in violation of Title 18, United States Code, Sections 1114 and 1113; **Aiding and Abetting and Causing an Act to Be Done,** in violation of Title 18, United States Code, Section 2)

## COUNT TEN

### (Killing a Person in the Course of an Attack on a Federal Facility Involving the Use of a Firearm and a Dangerous Weapon)

1.  The Grand Jury realleges and incorporates by reference as if fully stated herein paragraphs 1 through 22 of Count One of this Indictment.

2.  On or about September 11, 2012, in Benghazi, Libya, defendant **AL-IMAM**, and others known and unknown to the Grand Jury, in the course of an attack on the U.S. Special Mission, a Federal facility as defined in Title 18, United States Code, Section 930(g)(1), involving the use of a firearm and other dangerous weapon, did unlawfully, willfully, deliberately, maliciously, and with premeditation and malice aforethought, and in the perpetration of, and attempt to perpetrate, an arson and a burglary, commit murder by killing J. Christopher Stevens.

(**Killing a Person in the Course  of an Attack on a Federal Facility Involving the Use of a Firearm and a Dangerous Weapon,** in violation  of Title 18, United States Code, Sections 930(c) and 1111; **Aiding and Abetting and Causing an Act to Be Done,** in violation of Title 18, United States Code, Section 2)

## COUNT ELEVEN

### (Killing a Person in the Course of an Attack on a Federal Facility Involving the Use of a Firearm and a Dangerous Weapon)

1.  The Grand Jury realleges and incorporates by reference as if fully stated herein paragraphs 1 through 22 of Count One of this Indictment.

2.  On or about September 11, 2012, in Benghazi, Libya, defendant **AL-IMAM**, and others known and unknown to the Grand Jury, in the course of an attack on the U.S. Special Mission, a Federal facility as defined in Title 18, United States Code, Section 930(g)(1), involving the use of a firearm and other dangerous weapon, did unlawfully, willfully, deliberately,

maliciously, and with premeditation and malice aforethought, and in the perpetration of, and

attempt to perpetrate, an arson and a burglary, commit murder by killing Sean Patrick Smith.

(**Killing a Person in the Course of an Attack on a Federal Facility Involving the Use of a Firearm and a Dangerous Weapon,** in violation of Title 18, United States Code, Sections 930(c) and 1111; **Aiding and Abetting and Causing an Act to Be Done,** in violation of Title 18, United States Code, Section 2)

## COUNT TWELVE

### (Killing a Person in the Course of an Attack on a Federal Facility Involving the Use of a Firearm and a Dangerous Weapon)

1. The Grand Jury realleges and incorporates by reference as if fully stated herein paragraphs 1

   through 22 of Count One of this Indictment.

2. On or about September 12, 2012, in Benghazi, Libya, defendant **AL-IMAM**, and others

   known and unknown to the Grand Jury, in the course of an attack on the Annex, a Federal

   facility as defined in Title 18, United States Code, Section 930(g)(1), involving the use of a

   firearm and other dangerous weapon, did unlawfully, willfully, deliberately, maliciously, and

   with premeditation and malice aforethought, commit murder by killing Tyrone Snowden

   Woods.

(**Killing a Person in the Course of an Attack on a Federal Facility Involving the Use of a Firearm and a Dangerous Weapon,** in violation of Title 18, United States Code, Sections 930(c) and 1111; **Aiding and Abetting and Causing an Act to Be Done,** in violation of Title 18, United States Code, Section 2)

## COUNT THIRTEEN

### (Killing a Person in the Course of an Attack on a Federal Facility Involving the Use of a Firearm and a Dangerous Weapon)

1. The Grand Jury realleges and incorporates by reference as if fully stated herein paragraphs 1

   through 22 of Count One of this Indictment.

2.   On or about September 12, 2012, in Benghazi, Libya, defendant **AL-IMAM**, and others known and unknown to the Grand Jury, in the course of an attack on the Annex, a Federal facility as defined in Title 18, United States Code, Section 930(g)(1), involving the use of a firearm and other dangerous weapon, did unlawfully, willfully, deliberately, maliciously, and with premeditation and malice aforethought, commit murder by killing Glen Anthony Doherty.

(**Killing a Person in the Course of an Attack on a Federal Facility Involving the Use of a Firearm and a Dangerous Weapon,** in violation of Title 18, United States Code, Sections 930(c) and 1111; **Aiding and Abetting and Causing an Act to Be Done,** in violation of Title 18, United States Code, Section 2)

## COUNT FOURTEEN

**(Maliciously Damaging and Destroying U.S. Property by Means of Fire and an Explosive Causing Death)**

1.   The Grand Jury realleges and incorporates by reference as if fully stated herein paragraphs 1 through 22 of Count One of this Indictment.

2.   On or about September 11, 2012, in Benghazi, Libya, defendant **AL-IMAM**, and others known and unknown to the Grand Jury, did maliciously damage and destroy and did maliciously attempt to damage and destroy buildings, vehicles, personal property, and real property owned, possessed, and leased, in whole or in part, by the United States, that is, the U.S. Special Mission and the buildings, vehicles, personal property, and real property contained therein, by means of fire and an explosive, and, as a result of such conduct, directly and proximately caused the deaths of J. Christopher Stevens and Sean Patrick Smith.

(**Maliciously Damaging and Destroying U.S. Property by Means of Fire and an Explosive Causing Death,** in violation of Title 18, United States Code, Section 844(f)(1)&(3); **Aiding and Abetting and Causing an Act to Be Done,** in violation of Title 18, United States Code, Section 2)

## COUNT FIFTEEN

### (Maliciously Damaging and Destroying U.S. Property by Means of Fire and an Explosive Causing Death)

1. The Grand Jury realleges and incorporates by reference as if fully stated herein paragraphs 1 through 22 of Count One of this Indictment.

2. On or about September 12, 2012, in Benghazi, Libya, defendant **AL-IMAM**, and others known and unknown to the Grand Jury, did maliciously damage and destroy and did maliciously attempt to damage and destroy buildings, vehicles, personal property, and real property owned, possessed, and leased, in whole or in part, by the United States, that is, the Annex and the buildings, vehicles, personal property, and real property contained therein, by means of fire and an explosive, and, as a result of such conduct, directly and proximately caused the deaths of Tyrone Snowden Woods and Glen Anthony Doherty.

(**Maliciously Damaging and Destroying U.S. Property by Means of Fire and an Explosive Causing Death,** in violation of Title 18, United States Code, Section 844(f)(1)&(3); **Aiding and Abetting and Causing an Act to Be Done,** in violation of Title 18, United States Code, Section 2)

## COUNT SIXTEEN

### (Maliciously Destroying and Injuring Dwellings and Property and Placing Lives in Jeopardy within the Special Maritime and Territorial Jurisdiction of the United States and Attempting to Do the Same)

1. The Grand Jury realleges and incorporates by reference as if fully stated herein paragraphs 1 through 22 of Count One of this Indictment.

2. On or about September 11, 2012, in Benghazi, Libya, defendant **AL-IMAM**, and others known and unknown to the Grand Jury, did willfully and maliciously destroy and injure and attempt to destroy and injure a structure, conveyance, and other real and personal property, within the special maritime and territorial jurisdiction of the United States, that is, the U.S. Special

Mission and dwellings, buildings, vehicles, personal property, and real property contained therein, and placed the lives of United Sates nationals in danger.

**(Maliciously Destroying and Injuring Dwellings and Property and Placing Lives in Jeopardy within the Special Maritime and Territorial Jurisdiction of the United States and Attempting to Do the Same,** in violation of Title 18, United States Code, Sections 1363 and 7; **Aiding and Abetting and Causing an Act to Be Done,** in violation of Title 18, United States Code, Section 2)

## COUNT SEVENTEEN

**(Maliciously Destroying and Injuring Dwellings and Property and Placing Lives in Jeopardy within the Special Maritime and Territorial Jurisdiction of the United States and Attempting to Do the Same)**

1. The Grand Jury realleges and incorporates by reference as if fully stated herein paragraphs 1 through 22 of Count One of this Indictment.

2. On or about September 12, 2012, in Benghazi, Libya, defendant **AL-IMAM**, and others known and unknown to the Grand Jury, did willfully and maliciously destroy and injure and attempt to destroy and injure a structure and real and personal property, within the special maritime and territorial jurisdiction of the United States, that is, the Annex and dwellings, buildings, vehicles, personal property, and real property contained therein, and placed the lives of United States nationals in danger.

**(Maliciously Destroying and Injuring Dwellings and Property and Placing Lives in Jeopardy within the Special Maritime and Territorial Jurisdiction of the United States and Attempting to Do the Same,** in violation of Title 18, United States Code, Sections 1363 and 7; **Aiding and Abetting and Causing an Act to Be Done,** in violation of Title 18, United States Code, Section 2)

## Notice of Special Findings

a. The allegations of Counts Three, Four, Five, Six, Ten, Eleven, Twelve, Thirteen, Fourteen, and Fifteen of this Indictment are hereby realleged as if fully set forth herein and incorporated by reference.

b. As to Counts Three, Four, Five, Six, Ten, Eleven, Twelve, Thirteen, Fourteen, and Fifteen of this Indictment:

    1. Defendant **AL-IMAM** was not less than 18 years of age at the time of the offense (Title 18, United States Code, Section 3591(a));

    2. Defendant **AL-IMAM** intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and the victims died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(D));

    3. The victims' death, and injury resulting in death, occurred during the commission and attempted commission of offenses under Section 1116 of Title 18 (murder of an internationally protected person) and Section 844(f) of Title 18 (maliciously damaging and destroying U.S. property by means of fire and an explosive causing death) (Title 18, United States Code, Section 3592(c)(1));

    4. Defendant **AL-IMAM**, in the commission of the offense, knowingly created a grave risk of death to one or more persons in addition to the victims of the offenses (Title 18, United States Code, Section 3592(c)(5));

A TRUE BILL

FOREPERSON

*Jessie K. Liu /SM*

Attorney of the United States in
and for the District of Columbia