**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|   |   |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>MUSTAFA AL-IMAM,<br><br>*Defendant.* | Crim. No. 17-cr-213 (CRC) |

**DEFENDANT'S MOTION FOR HEARING OR
OTHER PROCEDURES ON CO-CONSPIRATOR STATEMENTS**

Consistent with Federal Rule of Evidence 801(d)(2)(E), Defendant Mustafa Al-Imam moves for an evidentiary hearing on the admissibility of the alleged co-conspirator statements that the government may introduce at trial.

In the alternative, we ask for one of the following procedures: (1) a schedule for pretrial determinations about the admissibility of alleged co-conspirator statements that the government may introduce at trial; (2) a schedule for pretrial determinations about the admissibility of alleged co-conspirator statements mentioning or referring to Mr. Al-Imam that the government may introduce at trial; (3) order the government, at least one week before trial, to disclose all alleged co-conspirator statements it may introduce at trial; or (4) order the government, at least one week before trial, to disclose alleged co-conspirator statements mentioning or referring to Mr. Al-Imam that the government intends to elicit at trial which relate specifically to Mr. Al-Imam.[1]

---

[1] This motion is similar to ECF No. 223 in <u>United States v. Khatallah</u>, No. 14-cr-00141 (CRC), and is intended to preserve the arguments made there.

## DISCUSSION

The Court should follow the D.C. Circuit's preferred order of proof in this case and determine the admissibility of co-conspirator statements before trial.

Federal Rule of Evidence 801(d)(2)(E) provides that a statement of a defendant's alleged co-conspirator may be admitted against a defendant as non-hearsay if the statement was made during and in furtherance of the alleged conspiracy. Fed. R. Evid. 801(d)(2)(E). But such statements may be admitted only if the Court finds, by a preponderance, that (i) a conspiracy existed; (ii) the conspiracy involved both the declarant and the defendant; and (iii) the statements were made during and in furtherance of the conspiracy. See Bourjaily v. United States, 483 U.S. 171, 175–76 (1987); United States v. Gewin, 471 F.3d 197, 201 (D.C. Cir. 2006). And while the Court may consider the proffered statements themselves when making these findings, the findings cannot be supported by the statements alone; they "must rest on some independent evidence of the conspiracy." Gewin, 471 F.3d at 201.

In this case, a pretrial admissibility determination would eliminate the dangers of unfair prejudice and jury confusion from improper admission of out-of-court statements. Although the Court has discretion to admit coconspirator statements conditionally subject to later connection to the conspiracy, pretrial determinations are "the better practice" and should be used "where possible." United States v. Jackson, 627 F.2d 1198, 1218 (D.C. Cir. 1980); see also United States v. James, 590 F.2d 575, 582 (5th Cir. 1979) (en banc). Indeed, a James hearing "generally will, most efficiently and with least chance of prejudice to the defendant, assist the judge in his ultimate determination of whether defendant was involved in a conspiracy." United States v. Miller, 664 F.2d 826, 827–28 (11th Cir. 1981). There are at least three specific benefits from following this better practice.

First, pretrial determinations would "protect the defendant from the admission of prejudicial hearsay on the basis of threadbare evidence." United States v. Grassi, 616 F.2d 1295, 1300 (5th Cir. 1980).

Second, pretrial determinations would protect the government against the "risk that it will not be able to carry its burden, thereby requiring the grant of a mistrial or the striking of already admitted evidence, if it fails to do." United States v. Safavian, 435 F. Supp. 2d 36, 47 (D.D.C. 2006) (citing United States v. Slade, 627 F.2d 293, 306–07 (D.C. Cir. 1980)). If the Court deviates from the "preferred order of proof," the jury may hear inadmissible evidence requiring a mistrial. See Jackson, 627 F.2d at 1218. And a "mistrial is a severe remedy . . . to be avoided whenever possible." United States v. Clarke, 24 F.3d 257, 270 (D.C. Cir. 1994) (quotation marks omitted).

Third, whenever "witnesses to the existence of the predicate facts are also witnesses to the statements sought to be presented," pretrial hearings on the "government's proof of the predicate facts" allow trial to "proceed without the clumsiness of bifurcated testimony from individual witnesses." United States v. Ricks, 639 F.2d 1305, 1309 (5th Cir. 1981).

Finally, whatever practical concerns might otherwise arise from pretrial determinations are not present here. In Jackson, the D.C. Circuit acknowledged that the exigencies of trial may make a pretrial determination of admissibility impractical—for example, when witnesses possess both hearsay and non-hearsay testimony, and presenting this testimony piecemeal would be difficult. See 627 F.2d at 1218. Thus, courts may sometimes deviate from the preferred order of proof "[a]s a concession to such practical impediments that arise during trial." Id. at 1218–19.

3

But here, the practical impediments would be minimal, because the government already presented much of its evidence in <u>Khatallah</u>. While it might have been impractical for the Court in <u>Khatallah</u> to make pretrial determinations without effectively duplicating days and weeks of trial testimony, Mr. Al-Imam would likely agree, in many instances, to the government using admitted trial testimony or exhibits from <u>Khatallah</u> to support the factual predicate for coconspirator statements here. Streamlining the pretrial process along those lines would make pretrial determinations both "possible," <u>Jackson</u>, 627 F.2d at 1219, and "reasonably practicable," <u>James</u>, 590 F.2d at 582. And even if the Court deems a streamlined pretrial hearing to be impractical, Mr. Al-Imam offers four alternative procedures that would progressively reduce the time and burden of the pretrial process.

## CONCLUSION

The Court should for an evidentiary hearing on the admissibility of the alleged co-conspirator statements that the government may introduce at trial. In the alternative, the Court should implement one of the following alternative procedures: (1) setting a schedule for pretrial determinations about the admissibility of alleged co-conspirator statements that the government may introduce at trial; (2) setting a schedule for pretrial determinations about the admissibility of alleged co-conspirator statements mentioning or referring to Mr. Al-Imam that the government may introduce at trial; (3) order the government, at least one week before trial, to disclose all alleged co-conspirator statements it may introduce at trial; or (4) order the government, at least one week before trial, to disclose alleged co-conspirator statements mentioning or referring to Mr. Al-Imam that the government intends to elicit at trial which relate specifically to Mr. Al-Imam.

March 15, 2019                            Respectfully submitted,

                                          /s/ Timothy R. Clinton
                                          Matthew J. Peed (D.C. Bar No. 503328)
                                          Timothy R. Clinton (D.C. Bar No. 497901)
                                          CLINTON & PEED
                                          777 Sixth Street NW, 11th Floor
                                          Washington, DC 20001
                                          (202) 621-1828
                                          (202) 204-6320 (fax)

                                          *Counsel for Defendant Mustafa Al-Imam*