### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Criminal No.: 17-CR-213 (CRC)** |
| | : | |
| **MUSTAFA MUHAMMAD MUFTAH** | : | |
| **AL-IMAM,** | : | |
| | : | |
| **Defendant.** | : | |

### UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION FOR HEARING OR OTHER PROCEDURES ON CO-CONSIPIRATOR STATEMENTS

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby opposes the Defendant's Motion for Hearing or Other Procedures on Co-conspirator Statements [ECF No. 79].

### I.    Introduction.

The defense has asked the Court to hold a pre-trial hearing to determine the admissibility of co-conspirator statements. "[I]n accordance with *the governing practice in this jurisdiction*, the Court [should deny] defendant['s] motion and [] allow the admission of co-conspirator statements at trial subject to proof of connection." *United States v. Brodie*, 326 F. Supp. 2d 83, 90 (D.D.C. 2004) (emphasis added).

### II.    Background.

The defendant, Mustafa Muhammad Muftah Al-Imam, a Libyan national, has been charged in a seventeen-count Indictment for his participation in the September 11-12, 2012, terrorist attack on the United States Special Mission and Annex in Benghazi, Libya ("the Attack"). The Attack resulted in the deaths of four Americans. The defendant is charged, *inter alia,* with one count of Conspiracy to Provide Material Support and Resources to Terrorists

Resulting in Death.[1]

In order to admit statements of the defendant's co-conspirators, the government will have to establish that: "The statement is offered against an opposing party and: was made by the party's coconspirator during and in furtherance of the conspiracy." Fed. R. Evid. 801(d)(2)(E). The government must establish that the statement was made by a co-conspirator, during and in furtherance of the conspiracy, by a preponderance of the evidence and may rely – at least in part – on the statements themselves to prove the existence of the conspiracy. *Bourjaily v. United States*, 483 U.S. 171, 175 (1987).

Here, the government does not plan to rely solely upon co-conspirator declarations to establish the conspiracy; instead, the government will introduce independent evidence of the conspiracy in addition to the statements. That evidence includes eyewitness testimony, video tapes, defendant's statements, telephone records showing contact among the co-conspirators, and seizures of evidence related to the conspiracy. This evidence will show meetings, actions, associations, and jointly undertaken conduct among the co-conspirators which demonstrates that each conspirator was acting in pursuit of a common design and a common goal. Consequently, the Court is not in the position of ruling upon the existence of a conspiracy based solely upon

---

[1] Co-conspirator statements do not need to have been made in furtherance of the charged conspiracy to be admissible; they are admissible as long as they were made in furtherance of any conspiracy which the defendant had joined. *See, e.g., United States v. Perholtz*, 842 F.2d 343, 356 (D.C. Cir. 1988) ("The statements of joint venturers may fall within the scope of the Rule [F.R.E. 801(d)(2)(E)], and there is no requirement that a conspiracy be formally charged in the indictment."). Accordingly, the government will be seeking to elicit co-conspirator statements to prove each count of the indictment. *See Pinkerton v. United States*, 328 U.S. 640 (1946).

reference to a single unsupported co-conspirator declaration. The government, therefore, submits that an evidentiary pre-trial hearing is unnecessary.

### III.    The Court should not hold a pretrial hearing regarding the admissibility of co-conspirators' statements.

Defendant asks that the Court hold a pretrial hearing to determine the admissibility of co-conspirators' statements. The case law in this and other circuits counsels that such a hearing is unnecessary. The D.C. Circuit has routinely upheld the practice of deferring the determination of a defense motion until the trial if that motion requires "deciding issues of fact that are inevitably bound up with evidence about the alleged offense itself." *See, e.g., United States v. Wilson*, 26 F.3d 142, 159 (D.C. Cir. 1994).[2]

> As a practical matter, to avoid what otherwise would become a separate trial on the issue of admissibility, the court may admit declarations of co-conspirators "subject to connection." If substantial evidence of the connection has not been produced at the close of the government's case, the court will instruct the jury to disregard the hearsay statements; or the court may grant a mistrial.

---

[2] Rule 104(b) of the Federal Rules of Evidence codifies this commonly used judicial practice: "When the relevancy of evidence depends upon the fulfillment of a condition of fact, the court shall admit it upon, or subject to, the introduction of evidence sufficient to support a finding of the fulfillment of the condition."

*United States v. Gantt*, 617 F.2d 831, 845 (D.C. Cir. 1980);[3] *see also United States v. Jackson*, 627 F.2d 1198, 1218 (D.C. Cir. 1980) (trial courts are not required to hold a "mini trial" on the conspiracy issue before the conditional admission of a co-conspirator's statements); *United States v. Blevins*, 960 F.2d 1252, 1256 (4th Cir. 1992) (there need not be hearing to determine existence of conspiracy before statements can be admitted under Rule 801(d)(2)(E); instead, trial court can conditionally admit co-conspirators' statements subject to subsequent satisfaction of requirements); *United States v. Monaco*, 702 F.2d 860, 877 n.29 (11th Cir. 1983) (court may admit statements subject to the government's "connecting them up"); *United States v. Jones*, 542 F.2d 186 (4th Cir. 1976) (same); *United States v. Katz*, 535 F.2d 593, 597 (10th Cir. 1976) (same); *United States v. Trotter*, 529 F.2d 806, 811-13 (3rd Cir. 1976) (same).

When confronted with this issue, district courts in this Circuit have consistently rejected such requests from defendants:

> [G]iven the myriad of difficulties that surround the availability of witnesses, it is just impractical in many cases for a court to comply strictly with the preferred order of proof. . . . As a concession to such practical impediments that arise during trial, the court is vested with considerable discretion to admit particular items of evidence 'subject to connection.' The Court agrees largely with the reasons set forth in the Government's opposition, that having a pretrial hearing essentially would create a time consuming mini trial before the trial. The Court therefore denies the motion and will allow the Government to prove the admissibility at trial subject to connection.

*United States v. Yeh*, 97 F. Supp. 2d 24, 37 (D.D.C. 2000) (*quoting Jackson*, 627 F.2d at 1218).

---

[3] An unrelated holding in *Gantt* has been over turned. *In re Sealed Case*, 99 F.3d 1175, 1178 (D.C. Cir. 1996) ("On this question [regarding the preservation of evidence], however, *Bryant* and *Gantt* are no longer good law.")

Further,

> If the government is able to present evidence to substantiate its claims—as it asserts that it will—there is a substantial likelihood that the requirements of Rule 801(d)(2)(E) will be met as to any co-conspirator statements made in furtherance of either prong of the overarching conspiracy. At the same time, the Court finds that a pretrial hearing held to establish [defendant's] connection to the DCTC prong would likely be time-consuming and highly duplicative of testimony to be presented during the government's case-in-chief at trial. Furthermore, according to the representations made during oral argument on this motion, the government is confident that it will meet its burden of proving admissibility and is willing to assume the risk that its failure to do so could lead to a mistrial. In light of these considerations, the Court believes that a pretrial hearing is neither necessary nor appropriate.

*United States v. Loza*, 763 F. Supp. 2d 108, 113 (D.D.C. 2011). Similarly, the district court in

*United States v. Cooper*, 91 F. Supp.2d 60, 78 (D.D.C. 2000), declined to conduct a pre-trial

hearing: "If substantial evidence of the connection has not been produced at the close of the

government's case the court will instruct the jury to disregard the hearsay statements." (*Quoting*

*Gantt*, 617 F.2d at 845); *see also United States v. Edelin*, 128 F.Supp.2d 23, 45–46 (D.D.C.

2001) (finding it unnecessary to conduct an advance determination of conspiracy, which would

amount to a time-consuming "mini-trial prior to trial in this case" and would place an

unreasonable burden on the government); *United States v. Brodie*, 326 F. Supp. 2d 83, 90

(D.D.C. 2004) (same).

The hearing requested by defendant is not only unnecessary; it would also unnecessarily

prolong the proceedings as a whole, inasmuch as a pre-trial ruling on admissibility would

eventually have to be revisited at trial. *See United States v. Pepe*, 747 F.2d 632, 653 (11th Cir.

1984) (pretrial ruling in a conspiracy case "is not dispositive on the issue of hearsay, however,

because the admissibility of testimony is, ultimately, a trial ruling"); *United States v. Graham*, 548 F.2d 1302, 1308-09 (8th Cir. 1977) (requiring proof of conspiracy first would "compel a fragmented presentation of evidence").

The defense argues (at 4) that the Court should hold a pretrial hearing here because much of the government's evidence against the defendant was already presented at the *Khatallah* trial. However, the two cases are not fungible, as the current case will obviously focus more on the defendant's participation in the charged offenses, the defendant's own admissions, the defendant's actions and demonstrated biases before the Attack, as well as the relationship between the defendant, Khatallah and other members of the conspiracy.

The defense relies on *Jackson*, 627 F.2d 1198, to support its positon that holding a pretrial hearing is the preferred practice, but a closer reading of *Jackson* actually supports the government's position:

> However, many times witnesses are in possession of both hearsay testimony of co-conspirators and evidence that independently tends to prove the existence of the conspiracy. Given the myriad of difficulties that surround the availability of witnesses, it is just impractical in many cases for a court to comply strictly with the preferred order of proof by taking the testimony of such witnesses piecemeal, waiting until a conspiracy is fully proved by independent evidence, and then recalling from their normal pursuits, those who testify to hearsay declarations of co-conspirators. As a concession to such practical impediments that arise during trial, the court is vested with considerable discretion to admit particular items of evidence "subject to connection."

*Id.* at 1218 (rejecting appellant's request that a pre-trial hearing be deemed obligatory); *see also United States v. Slade*, 627 F.2d 293, 307 (D.C. Cir. 1980) (finding that the trial court failed to determine the admissibility of co-conspirator statements and noting that "court retains

discretion, however, to admit particular co-conspirator statements conditioned on a later showing of substantial independent evidence of the three prerequisites for their admission.").

## IV.    Other Procedures

The defense has also asked this Court to order: 1) a schedule for pretrial determinations about the admissibility of alleged co-conspirator statements that the government may introduce at trial; 2) a schedule for pretrial determinations about the admissibility of alleged co-conspirator statements mentioning or referring to Mr. Al-Imam that the government may introduce at trial; 3) the government, at least one week before trial, to disclose all alleged co-conspirator statements it may introduce at trial; or 4) order the government, at least one week prior to trial, to disclose alleged co-conspirator statements mentioning or referring to Mr. Al-Imam that the government intends to elicit at trial which relate specifically to Mr. Al-Imam.

The government is under no obligation to provide such advance notice to the defense. *United States v. Tarantino*, 846 F.2d 1384, 1418 (D.C. Cir. 1988) (Nothing in the Federal Rules of Evidence or in the Jencks Act requires such disclosure—we think it clear that as used in Fed.R.Crim.P. 16(a)(1)(A) the phrase "statements made by the defendant" does not include statements made by co-conspirators of the defendant, even if those statements can be attributed to the defendant for purposes of the rule against hearsay); *Accord United States v. Roberts*, 811 F.2d 257 (4th Cir. 1987) (*en banc*); *United States v. Orr*, 825 F.2d 1537 (11th Cir. 1987).[4]

---

[4] After consulting with defense counsel, the government has volunteered to endeavor to identify potential co-conspirator statements that it may seek to introduce at trial at least three weeks before trial.

## V.    Conclusion.

For the foregoing reasons and any additional reasons as may be adduced at a hearing on this matter, the government respectfully requests that the Court deny the defendant's request for a pre-trial hearing regarding the admissibility of co-conspirator statements.

Respectfully submitted,

JESSIE K. LIU
UNITED STATES ATTORNEY
D.C. Bar Number 472845

By:    _____/s/_____
Michael C. DiLorenzo
MD Bar No. 931214 0189
John Cummings
DC Bar No. 986573
Karen Seifert
NY Bar No. 4742342
Assistant United States Attorneys
National Security Section
United States Attorney's Office
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-7809
Michael.Dilorenzo@usdoj.gov
John.Cummings@usdoj.gov
Karen.Seifert@usdoj.gov

8