UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No.: 17-CR-213 (CRC) |
| | : | |
| MUSTAFA MUHAMMAD MUFTAH AL-IMAM, | : | |
| | : | |
| **Defendant.** | : | |

**UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION
TO PROHIBIT CERTAIN LANGUAGE AND EVIDENCE AT TRIAL**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this opposition to the Defendant's Motion in Limine to preclude certain language and evidence during the upcoming trial. *See* Def. Motion, ECF No. 80.

**A. Use of the words "terrorist," "terrorism," and "extremist" is appropriate.**

Defendant seeks to prevent the government from using the terms "terrorist," "terrorism," and "extremist" during trial. Motion at 2-5. The Court rejected an almost identical argument in *United States v. Khatallah*, wherein the defendant moved to prohibit the government from referring to him as a "terrorist." 9/28/2017 Order at 1-2, *United States v. Khatallah*, No. 14-cr-00141 (ECF No. 371). In *Khatallah*, this Court found that "the heart of the charges against the Defendant is that he participated in a terrorist attack against U.S. facilities in Benghazi.  As a result, describing the Defendant's alleged conduct to the jury without using the term 'terrorism' or 'terrorist' would be artificial and divorced from the charges in the case." *Id.* Similar to *Khatallah*, Defendant Mustafa Al-Imam is charged with Conspiracy to Provide Material Support and Resources to Terrorists

2

Resulting in Death, in violation of 18 U.S.C. § 2339A. The statute uses the word "terrorists," and it would be impossible and contrived to avoid use of this word during trial. The cases cited by Defendant (at 2) are inapposite because, unlike here, the language at issue in those cases was intended to insult the defendant—here it describes his commission of the charged conduct. *See, e.g.*, *United States v. Steinkoetter*, 633 F.2d 719, 720 (6th Cir. 1980) (defendant was charged with possession of an unregistered firearm, not with being "Pontius Pilate" or "Judas Iscariat"); *United States v. DeLoach*, 504 F.2d 185, 193 (D.C. Cir. 1974) (defendant was charged with murder, not with "an assassination"); *Mathis v. United States*, 513 A.2d 1344, 1348 (D.C. 1986) (defendant was charged with murder, not with being "the Godfather").

Contrary to Defendant's claims (at 4), use of the terms "terrorist," "terrorism," or "extremist" are proper when properly supported by competent evidence. "Federal Evidence Rule 701 permits lay testimony in the form of an opinion when it meets the following criteria: it must be rationally based on the witness's perception and helpful to the jury in understanding the witness's testimony or the determination of a 'fact in issue,' and may not be based on the kind of specialized knowledge possessed by experts within the scope of Rule 702." *United States v. Hampton*, 718 F.3d 978, 981 (D.C. Cir. 2013). Here, evidence of Defendant's participation in a group known to be extremist or supporting terrorism is relevant and direct evidence of the charged crimes, as it shows identity and motive. As in *Khatallah*, the government plans to call lay witnesses to give their perception of groups operating in Libya at the time of the attack on the U.S. Mission and Annex. *See, e.g.*, *United States v. Khatallah*, No. 14-cr-00141, 11/1/17 AM Tr. at 4503:7-9 (witness describing Ansar al Sharia as "extremists"); *id.* 11/6/17 AM Tr. at 4949:3-6 (witness explaining that Ahmed Abu Khatallah and his followers have "an extremist ideology"). Such "'lay opinion testimony'" is "'based on personal knowledge'" and thus competent evidence of the

3

charged offenses. *United States v. Hassan*, 742 F.3d 104, 135 (4th Cir. 2014) (quoting *United States v. Johnson*, 617 F.3d 286, 292 (4th Cir. 2010)).

**B. Use of phrases "September 11" and "9/11" is appropriate.**

Defendant also seeks to prevent the government from "gratuitous and unnecessary uses of the phrases 'September 11' and '9/11.'" Motion at 5-6. This Court likewise rejected a similar argument in *Khatallah*, holding that reference to September 11 "is both relevant and unavoidable given that the Benghazi attack took place on that date in 2012." 9/28/2017 Order at 2, *Khatallah*, No. 14-cr-00141 (ECF No. 371). The government will abide by the Court's guidance on this issue, and will in no way suggest that Defendant was involved in the attacks of September 11, 2001 in the United States, as there is no basis to do so.

**C. As the Court discussed in *Khatallah*, the government will avoid gratuitous and unnecessary use of first-person plural pronouns.**

Defendant next seeks to prevent the government from any use of "first-person plural pronouns," specifically the use of the term "our." Motion at 6. Defendant's argument is based on arguments made during the *Khatallah* trial. *Id.* As an initial matter, the government notes that, in *Khatallah*, the prosecutor's statements using the pronoun "our" were directly responsive to the defense's arguments. 6/15/2018 Order at 24, *United States v. Khatallah,* No. 14-cr-00141 (ECF No. 528). Considering the issue in that case, the Court held that "[d]iscerning the line between appropriate rhetorical flourish and improper appeal to emotion is not often easy," but ultimately found that the cumulative references made by the government "placed them over the line." *Id.* at 24. The government understands and will abide by this ruling during the upcoming trial. Government counsel will operate within the lines of fair advocacy and avoid gratuitous or unnecessary use of the pronoun "our." However, "an AUSA is afforded considerable leeway in fashion a summation, and . . . the government is entitled to summarize its case graphically and

forcefully." *United States v. Bates*, Nos. 01-2893, 01-2894, 01-3023, 2012 WL 31027879, at *6 (3d Cir. June 12, 2002).

In any event, Defendant's motion assumes that the government will conduct itself similarly and use similar arguments as the government counsel in *Khatallah*. It is futile to speculate about what turns of phrase counsel will choose, when there are an infinite number of permutations of arguments that may occur based on the Court's rulings, the testimony of the witnesses, and the statements of opposing counsel. The prudent course is for the Court to hold Defendant's objection in abeyance until, and if, the language at issue is used. Objecting at the time an argument is raised permits opposing counsel to correct any misstatements immediately. *E.g.*, *United States v. Vizcarrondo-Casanova*, 763 F.3d 89, 95-96 (1st Cir. 2014) ("[D]efense did object to several prior statements in the prosecution's rebuttal argument on vouching grounds, causing the prosecutor to purport to withdraw them before the district court ruled."). Moreover, contemporaneous objections are the best way to prevent the jury from being impacted by any improper arguments. *Gaither v. United States*, 413 F.2d 1061, 1080 (D.C. Cir. 1969) ("[A]ny small prejudice which might have accrued from the prosecutor's misstatement was largely countered by the steps taken. Objection was promptly made, thus fixing the statement in the jury's mind as one subject to doubt. The judge cautioned the jury that its recollection should control.").

### D. Evidence about the burned American flag is admissible.

Defendant seeks to exclude evidence about the collection of the remnants of a burned American flag from the U.S. Special Mission in Benghazi. Motion at 7. Overruling a similar objection in *Khatallah*, the Court held that "[t]here was nothing improper about employing this device in an effort to establish anti-American bias on the part of Abu Khatallah and his followers." 6/15/2018 Order at 23, *United States v. Khatallah*, No. 14-cr-00141 (ECF No. 528).

The same reasoning applies in this case where Defendant's bias and animus against the United States are important evidence of Defendant's motive, particularly in light of Defendant's anticipated "mere presence" defense.

### E. Attempts to require specific language be used about political entities operating in Libya are premature.

Defendant seeks generally to require specificity when witnesses refer to "the government of Libya." Motion at 8-9. Defendant proffers no examples or basis to assume what terms witnesses will use at trial. *Id.* The government acknowledges that complex political dynamics existed in post-Gaddafi Libya and at the time of the attacks on September 11, 2012. To the extent it is within a witness's personal knowledge and based on a proper foundation, the government will address these political distinctions with the witness. However, as the Court is aware from the *Khatallah* case, there will be occasions where identifying a particular individual's affiliation with a specific government entity may prove challenging because of the dynamic political landscape in Libya or the witness's knowledge. Defendant's general objections are premature and speculative, and should be denied as Defendant can object as necessary at trial. *See generally* Part D. Defendant suffers no prejudice by allowing the questioning of witnesses to proceed and allowing the defense to object when he deems it appropriate to do so.

### F. As the Court's held in *Khatallah*, the government will appropriately limit the use of evidence about victims of the attack.

Defendant seeks to prevent the government from eliciting testimony about the "character of the victims." Motion at 9-10. Addressing a similar argument in *Khatallah*, the Court determined certain restrictions on the presentation of evidence were necessary to avoid prejudice, including sustaining defense's objections to testimony about the positive aspects of the victims' lives and character, as well as limiting photographs introduced in conjunction with autopsy reports.

6/15/2018 Order at 26, *United States v. Khatallah*, No. 14-cr-00141 (ECF No. 528). Under these circumstances, the Court concluded that "the testimony was not sufficiently extensive or emotional to create any added sympathy beyond what a jury would naturally feel for victims in a case like this." *Id.* The government will conform with these guidelines in the upcoming trial.

    **G. The government will conform its arguments about stipulations involving classified information to the Court's ruling in *Khatallah*.**

Defendant seeks to prevent the government from characterizing Classified Information Procedures Act (CIPA) stipulations as "words on pieces of paper." Motion at 10. In *Khatallah*, the Court held that such a characterization "tended to undercut the purpose of the stipulations: to serve as a summary of exculpatory classified information that the government could not fully disclose to the defense and that the defense could not bolster or corroborate by calling the source of the information to the stand." 6/15/2018 Order at 20-21, *United States v. Khatallah*, No. 14-cr-00141 (ECF No. 528). The government understands the Court's ruling and will abide by that guidance.

        Respectfully submitted,

        JESSIE K. LIU
        UNITED STATES ATTORNEY
        D.C. Bar No. 472845

By:         /s/
        John Cummings
        D.C. Bar No. 986573
        Karen Seifert
        N.Y. Bar No. 4742342
        Assistant United States Attorneys
        National Security Section
        United States Attorney's Office
        555 4th Street, N.W.
        Washington, D.C. 20530
        (202) 252-7271
        John.Cummings@usdoj.gov
        Karen.Seifert@usdoj.gov