**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Crim. No. 17-cr-213 (CRC) |
| MUSTAFA AL-IMAM, | |
| *Defendant*. | |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR HEARING OR**
**OTHER PROCEDURES ON CO-CONSPIRATOR STATEMENTS**

Defendant Mustafa Muhammad Mufta Al-Imam respectfully submits this Reply in support of his motion regarding co-conspirator statements. The government has failed to make any showing, let alone a persuasive showing, that either a James hearing or the proposed alternatives would be impractical, or supplied any other reason for the Court to bypass what the D.C. Circuit has called the "better practice."

**ARGUMENT**

The government does not dispute that when it comes to admitting alleged co-conspirator statements, "pretrial determinations are 'the better practice' and should be used 'where possible.'"  Opening Br. 2 (quoting United States v. Jackson, 627 F.2d 1198, 1218 (D.C. Cir. 1980)).  But rather than identifying any specific reason why the Court should decline to adopt this better practice, the government reiterates generally that the Court "may" admit coconspirator statements conditionally subject to connection and that it is not "necessary" to conduct pretrial hearings in all cases.  See generally Gov. Br. 2–4.

But the government's boilerplate statements do not resolve the motion or the question of which procedures to use in this case.  Here, there is no practical reason to bypass

1

the better practice: The government can efficiently present most of the evidence because it already did so in <u>Khatallah</u>.  And on that point, the government is vague and evasive, claiming that "the two cases are not fungible, as the current case will obviously focus more on the defendant's participation in the charged offenses, the defendant's own admissions, the defendant's actions and demonstrated biases before the Attack, as well as the relationship between the defendant, Khatallah and other members of the conspiracy."  Gov. Br. 6.  That response is inadequate.

For one, the government fails to identify, much less describe, the co-conspirator-statement evidence that it wants to introduce against Al-Imam that was not presented in <u>Khatallah</u>.  And the government fails to articulate why it would be so impractical to present such evidence (if any) now.  Tellingly, the government has not claimed that a <u>James</u> hearing would require it to introduce any evidence that was not already presented at trial <u>Khatallah</u> trial, let alone that it would need to present so much evidence that a hearing would be impractical.  This is a far cry from the trial opinion that the government (incorrectly) claims established that eschewing pretrial determinations about co-conspirator statements is "'*the governing practice in this jurisdiction*.'"  Gov. Br. 1 (quoting <u>United States v. Brodie</u>, 326 F. Supp. 2d 83, 90 (D.D.C. 2004) (government's emphasis).  In its three-paragraph treatment of the issue, the trial court in <u>Brodie</u> found that a pretrial hearing "would be immensely time-consuming and would unnecessarily delay the [first] trial," noting that the indictment "includes two conspiracies, alleging over 150 overt acts in furtherance of the conspiracies, and involving a large number of witnesses."  <u>Brodie</u>, 326 F. Supp. 2d at 90.  Unlike here, the <u>Brodie</u> court could not draw from several weeks of trial transcript testimony from those same witnesses, on those same conspiracies, to evaluate co-conspirator statements.

The government's refusal to provide specifics dooms its opposition. Without any details about potential burden, the Court has no factual basis to conclude that a <u>James</u> hearing would be neither "possible," <u>Jackson,</u> 627 F.2d at 1219, nor "reasonably practicable," <u>United States v. James</u>, 590 F.2d 575, 582 (5th Cir. 1979).

The government is equally evasive when opposing our proposed alternatives; the government states only that "[n]othing in the Federal Rules of Evidence or the Jencks Act requires such disclosure." Gov. Br. 7.  That, too, is beside the point.  Because a hearing is "the better practice" to be avoided only "[a]s a concession to such practical impediments that arise during trial," <u>Jackson</u>, 627 F.2d at 1218–19, the Court may exercise that same discretion to craft practical solutions that stop short of a full-blown <u>James</u> hearing.

And there is good reason for the Court to exercise that discretion in this case. Admitting evidence subject to later connection risks forcing "a mistrial or the striking of already admitted evidence."  <u>United States v. Safavian</u>, 435 F. Supp. 2d 36, 47 (D.D.C. 2006) (citing <u>United States v. Slade</u>, 627 F.2d 293, 306–07 (D.C. Cir. 1980)).  And a "mistrial is a severe remedy . . . to be avoided whenever possible."  <u>United States v. Clarke</u>, 24 F.3d 257, 270 (D.C. Cir. 1994) (quotation marks omitted).  Thus, even if the government had established that a full-blown <u>James</u> hearing would be impractical, the solution would be to manage the risks using less invasive solutions—such as a <u>James</u> hearing on coconspirator statements that mention Al-Imam specifically, pretrial disclosure of all coconspirator statements, or pretrial disclosure of coconspirator statements mentioning Al-Imam.  Again, the government has not argued much less demonstrated that any of these alternatives would be impractical.

3

## CONCLUSION

The Court should grant Al-Imam's motion.


April 3, 2019                                Respectfully submitted,

                                            /s/ Timothy R. Clinton
                                            Matthew J. Peed (D.C. Bar No. 503328)
                                            Timothy R. Clinton (D.C. Bar No. 497901)
                                            CLINTON & PEED
                                            777 Sixth Street NW, 11th Floor
                                            Washington, DC 20001
                                            (202) 621-1828
                                            (202) 204-6320 (fax)

                                            *Counsel for Defendant Mustafa Al-Imam*