## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**MUSTAFA MUHAMMAD MUFTAH AL-IMAM,**<br><br><br>Defendant. | Case No. 17-cr-213 (CRC) |

## FINAL JURY INSTRUCTIONS

Ladies and gentlemen, you have now heard all of the evidence in the case. Before you begin your deliberations, I am going to instruct you on the law. I will start with some general rules of law and then talk about the specific charges alleged here and some of the specific issues in this case. Some of these rules will repeat what I told you in my preliminary instructions.

I will provide each of you with a copy of my instructions. During your deliberations, you may, if you want, refer to these instructions. While you may refer to any particular portion of the instructions, you are to consider the instructions as a whole and you may not follow some and ignore others. If you have any questions about the instructions, you should feel free to send me a note. Please return your instructions to Ms. Jenkins when your verdict is rendered.

### Instruction No. 1: Function of the Court

My function is to conduct this trial in an orderly, fair, and, efficient manner; to rule on questions of law; and to instruct you on the law that applies in this case. It is your duty to accept the law as I instruct you. You should consider all the instructions as a whole. You may not ignore or refuse to follow any of them.

**Instruction No. 2: Function of the Jury**

Your function, as the jury, is to determine what the facts are in this case. You are the sole judges of the facts. While it is my responsibility to decide what is admitted as evidence during the trial, you alone decide what weight, if any, to give to that evidence. You alone decide the credibility or believability of the witnesses.

You should determine the facts without prejudice, fear, sympathy, or favoritism. You should not be improperly influenced by anyone's race, ethnic origin, or gender. Decide the case solely from a fair consideration of the evidence.

You may not take anything I may have said or done as indicating how I think you should decide this case. If you believe that I have expressed or indicated any such opinion, you should ignore it. The verdict in this case is your sole and exclusive responsibility.

**Instruction No. 3: Evidence in the Case**

During your deliberations, you may consider only the evidence properly admitted in this trial. The evidence in this case consists of the sworn testimony of the witnesses (including the sworn testimony in prior proceedings), the exhibits that were admitted into evidence, the facts of which I took judicial notice, and the facts and testimony stipulated to by the parties.

During the trial, you were told that the parties had stipulated—that is, agreed—to certain facts. You should consider any stipulation of fact to be undisputed evidence.

 You heard sworn testimony from a prior proceeding. The witness in that proceeding was placed under oath to tell the truth, and lawyers for each party asked questions. The questions and answers were recorded by a court reporter. You may consider that testimony in the same way you would consider testimony actually given in court.

When you consider the evidence, you are permitted to draw, from the facts that you find have been proven, such reasonable inferences as you feel are justified in the light of your experience. You should give any evidence such weight as in your judgment it is fairly entitled to receive.

### Instruction No. 4: Jury's Recollection Controls

If any reference by me or the attorneys to the evidence is different from your own memory of the evidence, it is your memory that should control during your deliberations.

### Instruction No. 5: Statements of Counsel

The statements and arguments of the lawyers are not evidence. They are only intended to assist you in understanding the evidence. Similarly, the questions of the lawyers are not evidence.

### Instruction No. 6: Indictment Not Evidence

The indictment is merely the formal way of accusing a person of a crime. You must not consider the indictment as evidence of any kind—you may not consider it as any evidence of the defendant's guilt or draw any inference of guilt from it.

### Instruction No. 7: Burden of Proof

Every defendant in a criminal case is presumed to be innocent. This presumption of innocence remains with the defendant throughout the trial unless and until the government has proven he is guilty beyond a reasonable doubt. This burden never shifts throughout the trial. The law does not require the defendant to prove his innocence or to produce any evidence at all. If you find that the government has proven beyond a reasonable doubt every element of a particular offense with which the defendant is charged, it is your duty to find him guilty of that offense. On

the other hand, if you find the government has failed to prove any element of a particular offense beyond a reasonable doubt, it is your duty to find the defendant not guilty of that offense.

### Instruction No. 8: Reasonable Doubt

The government has the burden of proving Mr. Al-Imam guilty beyond a reasonable doubt as to each count or charge against him. Some of you may have served as jurors in civil cases, where you were told that it is only necessary to prove that a fact is more likely than not true, which we call the preponderance of the evidence. In criminal cases, the government's proof must be more powerful than that. It must be beyond a reasonable doubt.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. There are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of the crime charged, you must find him guilty. If, on the other hand, you think there is a real possibility that a defendant is not guilty, you must give him the benefit of the doubt and find him not guilty.

### Instruction No. 9: Direct and Circumstantial Evidence

There are two types of evidence from which you may determine what the facts are in this case—direct evidence and circumstantial evidence. When a witness, such as an eyewitness, asserts actual knowledge of a fact, that witness's testimony is direct evidence. On the other hand, evidence of facts and circumstances from which reasonable inferences may be drawn is circumstantial evidence.

Let me give you an example. Assume a person looked out a window and saw that snow was falling. If he later testified in court about what he had seen, his testimony would be direct

evidence that snow was falling at the time he saw it happen. Assume, however, that he looked out a window and saw no snow on the ground, and then went to sleep and saw snow on the ground after he woke up. His testimony about what he had seen would be circumstantial evidence that it had snowed while he was asleep.

The law says that both direct and circumstantial evidence are acceptable as a means of proving a fact. The law does not favor one form of evidence over another. It is for you to decide how much weight to give to any particular evidence, whether it is direct or circumstantial. You are permitted to give equal weight to both. Circumstantial evidence does not require a greater degree of certainty than direct evidence. In reaching a verdict in this case, you should consider all of the evidence presented, both direct and circumstantial.

### Instruction No. 10: Nature of Charges Not to be Considered

One of the questions you were asked when we were selecting this jury was whether the nature of the charges themselves would affect your ability to reach a fair and impartial verdict. We asked you that question because you must not allow the nature of a charge to affect your verdict. You must consider only the evidence that has been presented in this case in reaching a fair and impartial verdict.

### Instruction No. 11: Inadmissible and Stricken Evidence

The lawyers in this case have sometimes objected when the other side asked a question, made an argument, or offered evidence that the objecting lawyer believed was not proper. You must not hold such objections against the lawyer who made them or the party he or she represents. It is the lawyers' responsibility to object to evidence that they believe is not admissible.

5

If, during the course of a trial, I sustained an objection to a lawyer's question, you should ignore the question, and you must not speculate as to what the answer would have been. If, after a witness answered a question, I ruled that the answer should be stricken, you should ignore both the question and the answer and they should play no part in your deliberations. Likewise, exhibits as to which I have sustained an objection or that I ordered stricken are not evidence, and you must not consider them in your deliberations.

## Instruction No. 12: Redacted Documents and Tapes

During the course of this trial, a number of exhibits were admitted into evidence. Sometimes only those parts of an exhibit that are relevant to your deliberations were admitted. Where this has occurred, I have required the irrelevant parts of the statement to be blacked out or deleted. Thus, as you examine the exhibits, and you see or hear a statement where there appear to be omissions, you should consider only the portions that were admitted. You should not guess as to what has been redacted or taken out.

## Instruction No. 13: Credibility of Witnesses

In determining whether the government has proved the charges against the defendant beyond a reasonable doubt, you must consider the testimony of all the witnesses who have testified.

You are the sole judges of the credibility of the witnesses. You alone determine whether to believe any witness and the extent to which a witness should be believed. Judging a witness's credibility means evaluating whether the witness has testified truthfully and also whether the witness accurately observed, recalled, and described the matters about which he or she testified.

You may consider anything that in your judgment affects the credibility of any witness. For example, you may consider the demeanor and the behavior of the witness on the witness

stand; the witness's manner of testifying; whether the witness impresses you as a truthful person; whether the witness impresses you as having an accurate memory and recollection; whether the witness has any motive for not telling the truth; whether the witness had a full opportunity to observe the matters about which he or she has testified; whether the witness has any interest in the outcome of this case, or friendship or hostility toward other people concerned with this case.

In evaluating the accuracy of a witness's memory, you may consider the circumstances surrounding the event, including any circumstances that would impair or improve the witness's ability to remember the event, the time that elapsed between the event and any later recollections of the event, and the circumstances under which the witness was asked to recall details of the event.

Inconsistencies or disparities in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. Two or more persons witnessing an incident or transaction may see it or hear it differently; an innocent misrecollection, like a failure of recollection, is not an uncommon experience. In weighing the effect of the inconsistency or discrepancy, always consider whether it pertains to a matter of important or unimportant detail, and whether the inconsistency or discrepancy results from innocent error or intentional falsehood.

You may consider the reasonableness or unreasonableness, the probability or improbability, of the testimony of a witness in determining whether to accept it as true and accurate. You may consider whether the witness has been contradicted or supported by other evidence that you credit.

If you believe that any witness has shown himself to be biased or prejudiced, for or against either side, you may consider and determine whether such bias or prejudice has colored

the testimony of the witness so as to affect the desire and capability of that witness to tell the truth.

You should give the testimony of each witness such weight as in your judgment it is fairly entitled to receive.

### Instruction No. 14: Testimony by Law Enforcement Officers

A law enforcement officer's testimony should be evaluated by you just as any other evidence in the case. In evaluating the officer's credibility, you should use the same guidelines that you apply to the testimony of any witness. In no event should you give either greater or lesser weight to the testimony of any witness merely because he or she is a law enforcement officer.

### Instruction No. 15: Right of Defendant Not to Testify

Every defendant in a criminal case has an absolute right not to testify. The defendant has chosen to exercise this right. You must not hold this decision against him, and it would be improper for you to speculate as to the reason or reasons for his decision. You may not draw any inference of guilt from the defendant's decision not to testify.

### Instruction No. 16: Expert Testimony

Ordinarily, a witness may not testify as to his or her opinions or conclusions. There is an exception to this rule for expert witnesses, who are allowed to give opinions, and the reasons for them because they have become expert in some art, science, profession, or calling.

In this case, Chad Campanell has testified as an expert concerning arson, Dr. Edward Mazuchowksi has testified as an expert in forensic pathology, Supervisory Special Agent Edward Knapp has testified as an expert in the forensic examination of firearms, ballistics, and explosive-related evidence, Dr. John Taylor has testified as an expert in emergency medicine,

and Special Agent Benjamin Inman has testified as an expert in cell phone capability and network connection capability. You are not bound by an expert's opinion. If you find that the opinion is not based on sufficient education or experience, that the reasons supporting the opinion are not sound, or that the opinion is outweighed by other evidence, you may completely or partially disregard the opinion. You should consider this evidence with all the other evidence in the case and give it as much weight as you think it fairly deserves.

**Instruction No. 17: Summary Witnesses**

You heard testimony from FBI Agent Jessica Krueger, who was called by the government, and Catherine Wright, who was called by the defense, both of whom summarized documentary evidence.  This testimony was introduced for the sole purpose of explaining facts disclosed by other documents admitted as evidence in the case. The summary testimony is not, in and of itself, proof of any facts. The summary testimony is provided only as a matter of convenience. If, and to the extent that, this summary testimony does not correctly reflect the facts shown by the evidence you have heard in this case, then you should disregard the testimony.

Likewise, certain charts or summaries have been admitted into evidence. Charts and summaries are valid only to the extent that they accurately reflect the underlying supporting evidence. If, and to the extent that, you find that they are not truthful summaries of facts or figures shown by the evidence, you are to disregard the summaries entirely. Other charts or summaries have been shown to you, but not admitted into evidence, in order to help you explain the facts disclosed by other documents admitted as evidence. Those charts or summaries are not in evidence. You should determine the facts from the evidence.

**Instruction No. 18: Evaluation of Prior Inconsistent Statement of a Witness**

The law treats prior inconsistent statements differently depending on the nature of the statements and the circumstances in which they were made. I will now explain how you should evaluate those statements.

You have heard evidence that witnesses made statements on earlier occasions and that their statements may be inconsistent with their testimony here at trial.  It is for you to decide whether the witness made such a statement and whether in fact it was inconsistent with the witness's testimony here at trial. If you find such an inconsistency, you may consider the earlier statement in judging the credibility of the witness, but you may not consider it as evidence that what was said in the earlier statement was true.

### Instruction No. 19: Statements of the Defendant—Substantive Evidence

You have heard evidence that the defendant made statements to U.S. law enforcement officers about the night of September 11, 2012. You should consider all the circumstances, including whether the law enforcement officer recorded the statement, in deciding whether he made the statement. If you find that he did make the statement, you must decide how much weight to give the statement. For example, you may consider whether he made the statement voluntarily and understood what he was saying. You may consider whether he was forced, threatened, or pressured, either physically or psychologically, and whether he was promised any reward or benefit for making the statement. You may consider all of the conversations between him and the law enforcement officer. You may consider whether the law enforcement officers warned him of his rights. You may consider where and when the statement was given; the duration of any questioning; who was present during some or all of the questioning; and whether the law enforcement officers recorded some or all of the conversations. You may consider the age, education, experience, intelligence and the physical and mental condition of the defendant.

**Instruction No. 20: Motive**

Motive is not an element of the offenses charged, and the government is not required to prove motive in this case. You may, however, consider evidence of motive or lack of evidence of motive in deciding whether or not the government has proved the charges beyond a reasonable doubt.

**Instruction No. 21: Proof of State of Mind**

Someone's intent or knowledge ordinarily cannot be proved directly, because there is no way of knowing what a person is actually thinking, but you may infer someone's intent or knowledge from the surrounding circumstances. You may consider any statement made or acts done by the defendant, and all other facts and circumstances received in evidence which indicate his intent or knowledge.

You may infer, but are not required to infer, that a person intends the natural and probable consequences of acts he intentionally did or intentionally did not do. It is entirely up to you, however, to decide what facts to find from the evidence received during this trial. You should consider all the circumstances in evidence that you think are relevant in determining whether the government has proved beyond a reasonable doubt that the defendant acted with the necessary state of mind.

**Instruction No. 22: "On or About"—Proof of**

The indictment charges that the offenses charged therein were committed "on or about" September 11, 2012, and September 12, 2012. The proof need not establish with certainty the exact date of the alleged offense. It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

**Instruction No. 23: Witness's or Defendant's Use of Interpreter**

You have heard testimony from several witnesses who communicated through an interpreter, and the defendant has used the services of an interpreter in this trial.

You are to consider only the evidence provided through the official court interpreters. Although some of you may know Arabic it is important that all jurors consider the same evidence. Therefore, you must base your decision on the evidence presented in the English interpretation. You must disregard any different meaning.

As I have previously instructed you, you should not be biased for or against anyone who uses an interpreter. Do not permit the fact that any witness or the defendant is using the services of an interpreter to influence you in any way.

You should not consider the mere fact that a witness has been provided an interpreter in evaluating his or her credibility. You must evaluate interpreted testimony as you would any other testimony. That is, you must not give interpreted testimony any greater or lesser weight than you would if the witness had testified in English.

If you observed that a witness nodded his or her head during interpretation, you should consider that this did not necessarily indicate agreement or an affirmative answer but may only have indicated that the witness was following the translation.

### Instruction No. 24: Theories of Liability

I will now explain to you the different theories of liability by which the defendant can be found guilty of a crime.

**A.  <u>Willfully Causing an Act to be Done</u>**

First, you may find the defendant guilty of the crimes charged in the indictment without finding that he personally committed each of the acts constituting the offense or was personally present at the commission of the offense.  A defendant is responsible for an act which he

willfully causes to be done if the act would be criminal if performed by him directly or by another.  To "cause" an act to be done means to bring it about.  Under this theory of liability, you may convict the defendant of the offense charged if you find that the government has proved beyond a reasonable doubt each element of the offense and that the defendant willfully caused such an act to be done, by him directly or by another, with the intent to commit the crime.

## B.  __Aiding and Abetting__

Second, you may find the defendant guilty of the crimes charged in the indictment without finding that he personally committed each of the acts that make up the crime or that he was present while the crime was being committed.  Any person who in some way intentionally participates in the commission of a crime can be found guilty either as an aider and abettor or as a principal offender.  It makes no difference which label you attach.  The person is as guilty of the crime as he would be if he had personally committed each of the acts that make up the crime.

To find that a defendant aided and abetted in committing a crime, you must find that the defendant knowingly associated himself with the commission of the crime, that he participated in the crime as something he wished to bring about, and that he intended by his actions to make it succeed.

Some affirmative conduct by the defendant in planning or carrying out the crime is necessary. Mere physical presence by the defendant at the place and time the crime is committed is not by itself sufficient to establish his guilt. However, mere physical presence is enough if it is intended to help in the commission of the crime. It is not necessary that you find that the defendant was actually present while the crime was committed.

The government is not required to prove that anyone discussed or agreed upon a specific time or method of committing the crime. The government is not required to prove that the crime

was committed in the particular way planned or agreed upon. Nor need the government prove

that the principal offender and the person alleged to be the aider and abettor directly

communicated with each other.

### C. <u>Co-Conspirator Liability</u>

Third, you may find the defendant guilty of the crimes charged in the indictment based on

the legal rule that each member of a conspiracy is responsible for crimes and other acts

committed by the other members, as long as those crimes and acts were committed to help

further or achieve the objective of the conspiracy and were reasonably foreseeable to the

defendant as a necessary or natural consequence of the agreement. In other words, under certain

circumstances the act of one conspirator may be treated as the act of all. This means that all the

conspirators may be convicted of a crime committed by any one or more of them, even though

they did not all personally participate in that crime themselves. In order for you to find the

defendant guilty under this legal rule, you must find that the government proved beyond a

reasonable doubt each of the following six (6) requirements:

1. There was a conspiracy to provide material support and resources, the purposes and
   objects of which are described in Count One.

2. The specified offense was committed by a co-conspirator of the defendant;

3. The defendant was a member of the conspiracy at the time the offense was committed;

4. The offense was committed during the existence of the conspiracy;

5. The offense was committed in furtherance of the conspiracy; and

6. The offense was a reasonably foreseeable consequence of the conspiracy. It is not
   necessary to find that the offense was intended as part of the original plan, only that the
   offense was a foreseeable consequence of the original plan.

**Instruction No. 25: Elements of the Charged Offenses**

I will now talk to you about the specific offenses charged in the indictment. The

indictment in this case contains seventeen counts.

## COUNT ONE – CONSPIRACY TO PROVIDE MATERIAL SUPPORT (18 U.S.C. 2339A)

The defendant is charged with conspiring to provide material support or resources.  It is a

Federal crime for anyone to provide material support or resources, knowing or intending that

they are to be used to prepare for, or to carry out: a Murder of an Internationally Protected

Person, as set forth in Count Three; Murder of an Officer and Employee of the United States, as

set forth in Counts Four through Six; Attempted Murder of an Officer and Employee of the

United States, as set forth in Counts Seven through Nine; Killing a Person in the Course of an

Attack on a Federal Facility Involving the Use of a Firearm and a Dangerous Weapon, as set

forth in Counts Ten through Thirteen; Maliciously Damaging and Destroying U.S. Property by

Means of Fire and an Explosive Causing Death, as set forth in Counts Fourteen and Fifteen;  and

Maliciously Destroying and Injuring Dwellings and Property and Placing Lives in Jeopardy

within the Special Maritime and Territorial Jurisdiction of the United States and Attempting to

Do the Same, as set forth in Counts Sixteen and Seventeen of this Indictment.

It is against the law to agree with someone to commit the crime of providing material

support or resources while knowing or intending that they are to be used in preparation for, or in

carrying out, any of the crimes charged in Counts Three through Seventeen. Here, the objects

and purposes of the conspiracy were to, among other things, remove the presence of the United

States in Benghazi, Libya through the use of force and the threat of force; to violently attack the

U.S. Special Mission and the Annex; to kill United States citizens at the Mission and the Annex;

to destroy buildings and other property at the Mission and the Annex; to plunder property from

the Mission and Annex, including documents, maps, and computers containing sensitive information; and to use documents, maps and computers containing sensitive information plundered from the Mission to identify and coordinate additional attacks against United States citizens, installations, and interests in Libya.

The charge of conspiracy to provide material support or resources is a separate charge from providing material support or resources itself, with which the defendant also is charged, in Count Two. I will define the elements of the charge of material support or resources in a moment.

The government is not required to prove that the objective of the conspiracy was achieved. The elements of conspiracy to provide material support or resources, each of which the government must prove beyond a reasonable doubt, are that:

1. Between on or about September 11, 2012, and September 12, 2012, an agreement existed between two or more people to commit the crime of providing material support or resources, the objects and purposes of which I just described.  This does not have to be a formal agreement or plan in which everyone involved sat down together and worked out the details. On the other hand, merely because people get together and talk about common interests or do similar things does not necessarily show that an agreement exists to commit the crime of providing material support or resources. It is enough that the government proves beyond a reasonable doubt that there was a common understanding among those who were involved to commit the crime of providing material support or resources. So the first thing that the government must show is the existence of an agreement.

2. The defendant intentionally joined in that agreement. It is not necessary to find he agreed to all the details of the crime or that they even knew the identity of all the other people the government has claimed were participating in the agreement. A person may become a member of a conspiracy even if that person agrees to play only a minor part, as long as that person understands the unlawful nature of the plan and voluntarily and intentionally joins in it with the intent to advance or further the unlawful object of the conspiracy. Even if the defendant was not part of the agreement at the very start, he can become a member of a conspiracy later if the government proves that he intentionally joined the agreement. Different people may become part of the conspiracy at different times. But mere presence at the scene of the agreement or of the crime or merely being with the other participants does not show that the defendant knowingly joined in the agreement. Also, unknowingly acting in a way that helps the participants, or merely knowing about the agreement itself, without more, does not make the defendant part of the conspiracy. So the second thing that the government must show is that the defendant was part of the conspiracy.

A conspiracy can be proved indirectly, by facts and circumstances that lead to a conclusion that a conspiracy existed. The government must prove that such facts and circumstances existed and that they lead to the conclusion that a conspiracy existed.

In determining whether a conspiracy between two or more persons existed and whether the defendant was one of its members, you may consider the acts and the statements of any other member of the conspiracy as evidence against the defendant whether done in or out of his presence while the conspiracy existed. When persons enter into an agreement to commit a crime,

17

they become agents for each other so that everything which is said or done by one of them in furtherance of that purpose is deemed to be the act or statement of all who have joined in that conspiracy and is evidence against all of the conspirators. However, statements of any conspirator which are made before its existence or after its termination may be considered as evidence only against the person making such statements.

In summary, a conspiracy is a kind of partnership in crime. For any defendant to be convicted of the crime of conspiracy, the government must prove two things beyond a reasonable doubt: first, that between on or about September 11, 2012, and September 12, 2012, there was an agreement to provide material support or resources with the knowledge or intent that they were to be used to prepare for, or to carry out, one of the crimes charged in Counts Three through Seventeen; and second, that the defendant intentionally joined in that agreement.

The government has alleged that the death of a person resulted from this offense, a fact that it must also prove beyond a reasonable doubt.  If you conclude that the government has proven beyond a reasonable doubt that death resulted, you should make a finding to that effect and note it on the verdict form.  If you find the elements of the crime beyond a reasonable doubt but not the resulting death, you should also so note that on the verdict form.

It is a defense to the charge of conspiracy that the defendant withdrew from the conspiracy before the commission of any overt act or substantive offense.  In order to withdraw from the conspiracy the defendant must have taken some definite, decisive, and affirmative action to disavow himself from the conspiracy or to defeat the goal or purpose of the conspiracy. Merely stopping activities or cooperation with the conspiracy or merely being inactive for a period of time is not sufficient to constitute the defense of withdrawal.  In deciding if the defendant took a step to disavow or defeat the conspiracy, you may consider several factors,

including whether he intentionally alerted law enforcement to the conspiracy, whether he told others in the conspiracy that his participation had ended, whether the defendant took steps to correct prior assistance to the group, and whether he attempted to remedy any past act or attempted to prevent any further progress of the conspiracy.

Now, some of the people who may have been involved in these events are not on trial. This does not matter.  There is no requirement that all members of a conspiracy be charged and prosecuted, or tried together in one proceeding.  Nor is there any requirement that the names of the other conspirators be known.  An indictment can charge a defendant with a conspiracy involving people whose names are not known, as long as the government can prove that the defendant conspired with one or more of them.  Whether they are named or not does not matter.

## <u>COUNT TWO – PROVIDING MATERIAL SUPPORT OR RESOURCES TO TERRORISTS (18 U.S.C. §§ 2, 2339A)</u>

It is a Federal crime for anyone to provide material support or resources, knowing or intending that they are to be used to prepare for, or to carry out any of the crimes charged in Counts Three through Seventeen.

The defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

1. The defendant provided material support or resources to persons involved in the attack on the U.S. Special Mission and Annex, or aided and abetted the same; and

2. The defendant did so knowing or intending that the material support or resources were to be used to prepare for, or to carry out, the offenses listed in Counts Three through Seventeen.

The term "material support or resources" includes personnel (one or more individuals who may be or include oneself).

The government has alleged that the death of a person resulted from this offense, a fact that it must also prove beyond a reasonable doubt.  If you conclude that the government has proven beyond a reasonable doubt that death resulted, you should make a finding to that effect and note it on the verdict form.  If you find the elements of the crime beyond a reasonable doubt but not the resulting death, you should also so note that on the verdict form.

## COUNT THREE – MURDER OF AN INTERNATIONALLY PROTECTED PERSON (18 U.S.C. §§ 2, 1111, 1116)

Count Three charges the defendant with the murder of an internationally protected person.  You may find the defendant guilty of this offense if the government proves beyond a reasonable doubt that the defendant committed either: A) first-degree felony murder, or B) first-degree premeditated murder.

**A. First-Degree Felony Murder.**  It is a Federal crime to murder an internationally protected person while committing or attempting to commit the crime of arson or burglary. The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

1.   The victim, J. Christopher Stevens, was killed; and

2.   The death of J. Christopher Stevens occurred as a result of the defendant, one whom he was aiding and abetting, or a co-conspirator,[1] knowingly committing, or attempting to commit, the crime of arson or burglary;

3.   J. Christopher Stevens was an internationally protected person.

---

[1]  In considering whether the government has proven beyond a reasonable doubt that Mr. Al-Imam either aided and abetted or conspired with another—here and throughout the remainder of these instructions—you must consult Instruction No. 24.

The crime is "felony murder" – a killing that takes place during the knowing and willful commission of some other specified felony crime, here arson or burglary. The government does not have to prove that the defendant, one whom he was aiding and abetting, or a co-conspirator, had a premeditated plan or intent to kill the victim. The government only has to prove beyond a reasonable doubt that the defendant, one whom he was aiding and abetting, or a co-conspirator, knowingly committed or attempted to commit the crime specified and that the victim died during and as a result of that crime. Additionally, the government need not prove that the principal or the aider and abettors had the specific intent to kill the victim or that the principal and the aider and abettors had the same intent as each other with respect to the killing. If two or more people, acting together, are committing or attempting to commit arson or burglary and one of them, in the course of the felony and in furtherance of the common purpose to commit arson or burglary, kills a human being, both the person who committed the killing and the person who aided and abetted in the arson or burglary are guilty of felony murder. A person who aids and abets the commission of arson and burglary is guilty of felony murder for a killing that was committed in the furtherance of a common purpose to commit that felony or a killing that was, in the ordinary course of things, a natural and probable consequence of acts done in committing that felony. But a person participating in arson or burglary is not guilty of first-degree felony murder if his accomplice kills the deceased in a separate and distinct act and to satisfy the accomplice's own means.

Because, in order to establish felony murder, the government must prove that the defendant, one whom he was aiding and abetting, or a co-conspirator, knowingly and willfully committed or attempted to commit the crime of arson or burglary, or conspired to or aided and abetted others in doing so, I will also provide the elements for arson and burglary.

**Arson:**

The elements of the crime of arson, each of which the government must prove beyond a reasonable doubt, are that:

1. The defendant, one whom he was aiding and abetting, or a co-conspirator, maliciously damaged the U.S. Special Mission;

2. The defendant damaged the property by means of fire or explosives; aided or abetted the same, or conspired to do the same.

**Burglary:**

The elements of the offense of burglary, each of which the government must prove beyond a reasonable doubt, are that:

1. The defendant, one whom he was aiding and abetting, or a co-conspirator entered the building of another; and

2. At the time of the entry the defendant, one whom he was aiding and abetting, or a co-conspirator intended to commit arson or theft.

**B. First-Degree Premeditated Murder.** The elements of the crime of first-degree premeditated murder of an internationally protected person, each of which the government must prove beyond a reasonable doubt, are that:

1. The defendant, one whom he was aiding and abetting, or a co-conspirator, unlawfully killed J. Christopher Stevens;

2. The defendant, one whom he was aiding and abetting, or a co-conspirator, did so with malice aforethought and not in the heat of passion;

3. The killing was premeditated; and

4. J. Christopher Stevens was in fact an internationally protected person.

As used in these instructions, "malice aforethought" means an intent, at the time of a killing, willfully to take the life of a human being, or an intent willfully to act in callous and wanton disregard of the consequences to human life; but "malice aforethought" does not necessarily imply any ill will, spite or hatred towards the individual killed. In determining whether the victim was unlawfully killed with malice aforethought, you should consider all the evidence concerning the facts and circumstances preceding, surrounding and following the killing which tend to shed light upon the question of intent. A killing is "premeditated" when it is intentional and the result of planning or deliberation. The amount of time needed for premeditation of a killing depends on the person and the circumstances. It must be long enough for the killer, after forming the intent to kill, to be fully conscious of that intent and to have thought about the killing. For there to be premeditation the killer must think about the taking of a human life before acting. The amount of time required for premeditation cannot be arbitrarily fixed. The time required varies as the minds and temperaments of people differ according to the surrounding circumstances in which they may be placed. Any interval of time between forming the intent to kill, and acting on that intent, which is long enough for the defendant, one whom he was aiding and abetting, or a co-conspirator, to be fully conscious and mindful of what he intended and willfully set about to do, is sufficient to justify the finding of premeditation.

You should consider all the facts and circumstances preceding, surrounding, and following the killing which tend to shed light upon the condition of mind of the defendant, one whom he was aiding and abetting, or a co-conspirator, before and at the time of the killing. No fact, no matter how small, no circumstance, no matter how trivial, which bears upon the questions of malice aforethought and premeditation, should escape your careful consideration.

**Internationally Protected Person.** An "internationally protected person" includes a Chief of State or the political equivalent, head of government, or Foreign Minister whenever such person is in a country other than his own; or any other representative, officer, employee, or agent of the United States government who at the time and place concerned is entitled pursuant to international law to special protection against attack upon his person, freedom, or dignity.

## COUNTS FOUR THROUGH SIX – MURDER OF A GOVERNMENT EMPLOYEE (18 U.S.C. §§ 2, 1111, 1114)

Counts Four through Six charge the murder and of an officer or employee of the United States. Count Four concerns Sean Patrick Smith; Count Five concerns Tyrone Snowden Woods; and Count Six concerns Glen Anthony Doherty. For Count Four, concerning Sean Patrick Smith, you may find the defendant guilty if the government proves beyond a reasonable doubt that either the defendant: A) committed first-degree felony murder; or B) committed first-degree premeditated murder. For Count Five, concerning Tyrone Snowden Woods, and/or Count Six, concerning Glen Anthony Doherty, you may find the defendant guilty if the government proves beyond a reasonable doubt that the defendant committed first-degree premeditated murder.

**A. First-Degree Felony Murder.** It's a Federal crime to murder an officer or employee of the United States while committing or attempting to commit the crime of arson or burglary. The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

1. The victim, Sean Patrick Smith (Count Four) was killed; and

2. The death of the victim occurred as a result of the defendant, one whom he was aiding and abetting, or a co-conspirator, knowingly committing, or attempting to commit, the crime of arson or burglary;

3. The victim was an officer or employee of the United States;

4. The death occurred while the victim was engaged in or on account of the performance of his official duties.

I previously defined the crimes of arson and burglary in Count Three.

**B. First-Degree Premeditated Murder.** The elements of the crime of first-degree premeditated murder of an officer or employee of the United States, each of which the government must prove beyond a reasonable doubt, are that:

1. The defendant, one whom he was aiding and abetting, or a co-conspirator, unlawfully killed Sean Patrick Smith (Count Four), Tyrone Snowden Woods (Count Five) and/or Glen Anthony Doherty (Count Six);

2. The defendant, one whom he was aiding and abetting, or a co-conspirator, did so with malice aforethought and not in the heat of passion;

3. The killing was premeditated;

4. The victim was an officer or employee of the United States; and

5. The death occurred while the victim was engaged in or on account of the performance of his official duties.

For both first-degree felony murder, and first-degree premeditated murder, you may find the victim was engaged in the performance of his official duties if you find that, at the time of the acts alleged in the indictment, he was acting within the scope of what he was employed to do. On the other hand, if you find that the victim was involved in a personal venture of his own, you must find that he was not engaged in the performance of his official duties, and you must find the defendant not guilty.

## <u>COUNTS SEVEN THROUGH NINE – ATTEMPTED MURDER OF A GOVERNMENT EMPLOYEE (18 U.S.C. §§ 2, 1113, 1114)</u>

Counts Seven through Nine charge the defendant with the attempted murder of an officer or employee of the United States. Count Seven concerns Scott Wickland; Count Eight concerns David Ubben; and Count Nine concerns Mark Geist.

I have just described the elements of murder in the prior counts (Four through Six). The elements of the crime of attempted murder of an officer or employee of the United States, each of which the government must prove beyond a reasonable doubt, separately for each count, are that:

1.      The defendant, one whom he was aiding and abetting, or a co-conspirator, intended to commit the murder of the respective victim;

2.      The defendant, one whom he was aiding and abetting, or a co-conspirator, took a substantial step to accomplishing the crime of murder. The defendant, one whom he was aiding and abetting, or a co-conspirator, must have done more than prepare to commit murder. His act must have come dangerously close to committing the crime.

3.      The victim was an officer or employee of the United States or of any agency in the executive branch of the United States government;

4.      The attempted murder occurred while the victim was engaged in or on account of the performance of the person's official duties.

A "substantial step" means some important action leading toward committing a crime.  It is more than an unimportant or inconsequential act.  The act must be more than preparation. It must be an act that would ordinarily and likely result in commission of a crime, unless interrupted or frustrated by some condition or event.  If the government has presented evidence of several acts taken by the defendant, one whom he was aiding and abetting, or a co-conspirator,

each of which may qualify as a "substantial step," you must all agree on one act that you find was a substantial step toward committing the crime.

## COUNTS TEN THROUGH THIRTEEN – KILLING IN THE COURSE OF AN ATTACK ON A FEDERAL FACILITY (18 U.S.C. §§ 2, 930(c), 1111)

Counts Ten through Thirteen charge the killing of a person in the course of an attack on a federal facility involving the use of a firearm and a dangerous weapon. Count Ten concerns J. Christopher Stevens; Count Eleven concerns Sean Patrick Smith; Count Twelve concerns Tyrone Snowden Woods; and Count Thirteen concerns Glen Anthony Doherty.

The elements of the crime of killing a person in the course of an attack on a federal facility involving the use of a firearm and a dangerous weapon, each of which the government must prove beyond a reasonable doubt, separately for each count, are that:

1.      The defendant, one whom he was aiding and abetting, or a co-conspirator, knowingly possessed or caused to be present a firearm or dangerous weapon in a federal facility, or attempted to do so;

2.      The defendant, one whom he was aiding and abetting, or a co-conspirator, intended that the firearm or dangerous weapon be used in the commission of another crime, specifically arson or burglary (Counts 10 and 11) or first-degree premeditated murder (Counts 12 and 13); and

3.      In the course of committing arson or burglary (Counts 10 and 11) or first-degree premeditated murder (Counts 12 and 13), with a firearm or dangerous weapon in a federal facility, the defendant, one whom he was aiding and abetting, or a co-conspirator killed Christopher Stevens (Count Ten), Sean Patrick Smith (Count Eleven), Tyrone Snowden Woods (Count Twelve), and/or Glen Anthony Doherty (Count Thirteen).

For purposes of these Counts, a Federal facility is a building or part thereof owned or leased by the Federal government, where Federal employees are regularly present for the purpose of performing their official duties.

The term "dangerous weapon" means a weapon, device, instrument, material, or substance, animate or inanimate, that is used for, or is readily capable of, causing death or serious bodily injury.

### <u>COUNTS FOURTEEN AND FIFTEEN – MALICIOUSLY DAMAGING U.S.<br>PROPERTY BY FIRE OR EXPLOSIVE (18 U.S.C. §§ 2, 844(f)(1)& (3))</u>

Counts Fourteen and Fifteen charge the defendant with maliciously damaging or destroying, or attempting to damage or destroy, by means of fire or an explosive, any building, vehicle, or other real or personal property in whole or in part owned, possessed by or leased to the United States or any department or agency of the United States, causing death.  Count Fourteen concerns the deaths of J. Christopher Stevens and Sean Patrick Smith at the U.S. Special Mission and Count Fifteen concerns the deaths of Tyrone Snowden Woods and Glen Anthony Doherty at the C.I.A. Annex.

The elements of this crime, each of which the government must prove beyond a reasonable doubt, separately for each count, are that:

1.    The defendant, one whom he was aiding and abetting, or a co-conspirator, damaged or destroyed property, or attempted to damage or destroy, buildings, vehicles, personal property, and real property owned, possessed, and leased, in whole or in part, by the United States, that is, the U.S. Special Mission (Count Fourteen), the C.I.A. Annex (Count Fifteen), and the buildings, vehicles, personal property, and real property contained therein;

2.    The property that was, in whole or in part, owned, possessed by or leased to the

United States or any department or agency of the United States;

3.    The damage, destruction, or attempt to damage or destroy, was by means of fire

or an explosive;

4.    The defendant, one whom he was aiding and abetting, or a co-conspirator, acted

maliciously;

5.    The conduct of the defendant, one he was aiding and abetting, or a co-conspirator,

directly or proximately caused the death of Mr. Stevens and/or Mr. Smith (Count

Fourteen), and/or Mr. Woods and/or Mr. Doherty (Count Fifteen).

For the purpose of these Counts, the term "explosive" means gunpowder, powders used

for blasting, all forms of high explosives (that is, explosives that generate gas with extreme

rapidity and have a shattering effect), blasting materials, fuses (other than electric circuit

breakers), detonators, and other detonating agents, smokeless powders, explosive bombs,

grenades, missiles, or similar devices, incendiary bombs or grenades, fire bombs, or similar

devices, and any chemical compounds, mechanical mixture, or device that contains any

oxidizing and combustible units, or other ingredients, in such proportions, quantities, or packing

that ignition by fire, by friction, by concussion, by percussion, or by detonation of the compound,

mixture, or device or any part thereof may cause an explosion.

The term "explosion" is used in its customary or ordinary sense, that is, an explosion is a

rapid expansion of gases caused by a rapid combustion of a material, which may cause a sharp

noise or report.

The term "department" means one of the executive departments.  The executive

departments are: the Department of State; the Department of the Treasury; the Department of

Defense; the Department of Justice; the Department of the Interior; the Department of

Agriculture; the Department of Commerce; the Department of Labor; the Department of Health

and Human Services; the Department of Housing and Urban Development; the Department of

Transportation; the Department of Energy; the Department of Education; the Department of

Veterans Affairs. And the term "agency" of the United States includes any department,

independent establishment, commission, administration, authority, board or bureau of the United

States or any corporation in which the United States has a proprietary interest.

A person acts maliciously when their conduct is reckless and wanton, and a gross

deviation from a reasonable standard of care, of such a nature that a jury is warranted in inferring

that the defendant was aware of a serious risk of death or serious bodily harm.

A proximate cause is one that played a substantial part in bringing about the death, so that

the death was the direct result or a reasonably probable consequence of the defendant's acts, or

acts he aided and abetted.  "Substantial" means that the defendant's conduct has such an effect in

producing the death as to lead a reasonable person to regard his conduct as a cause of the death.

An event such as the death of the victim may have more than one cause.  The government need

not prove that the defendant's conduct resulted in damage or destruction that was the only cause

of death; it need only prove that the defendant's conduct was a substantial factor in causing the

death.

## COUNT SIXTEEN AND SEVENTEEN – MALICIOUSLY DESTROYING U.S. PROPERTY (18 U.S.C. §§ 2, 7, 1363)

Counts Sixteen and Seventeen charge the defendant with maliciously destroying and

injuring dwellings and property and placing lives in jeopardy within the special maritime and

territorial jurisdiction of the United States and attempting to do the same.  The elements of this

crime, each of which the government must prove beyond a reasonable doubt, separately for each

count, are as follows:

1.  The defendant, one whom he was aiding and abetting, or a co-conspirator, destroyed or injured, or attempted to destroy or injure, any structure, conveyance, or other real or personal property;

2.  That the property was within the special maritime and territorial jurisdiction of the United States;

3.  The defendant, one he was aiding and abetting, or a co-conspirator, acted willfully and maliciously; and

4.  The building was a dwelling or the life of any person was placed in jeopardy.

To act willfully, the defendant must have acted voluntarily and intentionally.

"Special maritime and territorial jurisdiction of the United States" includes any premises of United States diplomatic, consular, military or other United States government missions or entities in foreign States, including the buildings, parts of buildings, and land appurtenant or ancillary thereto or used for purposes of those missions or entities, irrespective of ownership, and residences in foreign States and the land appurtenant or ancillary thereto, irrespective of ownership, used for purposes of those missions or entities or used by United States personnel assigned to those missions or entities, where an offense is committed by or against a national of the United States.

### Instruction No. 26: Theory of the Defense

Mr. Al-Imam's defense is that he did not plan, participate in, aid and abet, conspire, provide material support for or conspire to provide material support for the attacks against the Mission or the Annex in Benghazi, Libya on September 11-12, 2012. Although Mr. Al-Imam has presented evidence in support of his defense, he has no duty to prove anything. Once again, it is the government's burden to prove guilt beyond a reasonable doubt and that burden never shifts

throughout the trial. The law does not require a defendant to prove his innocence or to produce

any evidence. If, after a full and fair consideration of all of the facts and circumstances in

evidence, you find that the government has failed to prove beyond a reasonable doubt every

element of the charged offenses, you must find the defendant not guilty

### Instruction No. 27: Other Crimes Evidence

You have heard evidence that the defendant was part of a group of people who defended

Mr. Abu Khatallah's home after threats of violence, and that he and others helped Mr. Abu

Khatallah transport weapons from a garage about a year after the 2012 attacks. It is up to you to

decide whether to accept that evidence.

If you find that the defendant did take these actions, you may use this evidence only for

the limited purpose of determining whether the defendant intended to serve Mr. Abu Khatallah

and follow his orders.

You may not use the evidence for any other purpose. The defendant is only on trial for

the crimes charged. The defendant is not charged in this case based on his conduct relating to

these other actions, and you may not use this evidence to conclude that he has a bad character, or

that the defendant has a criminal personality. The law does not allow you to convict the

defendant simply because you believe he may have done bad things not specifically charged as

crimes in this case.

### Instruction No. 28: Multiple Counts—One Defendant

Each count of the indictment charges a separate offense. You should consider each

offense, and the evidence which applies to it, separately, and you should return separate verdicts

as to each count unless I instruct you to do otherwise. The fact that you may find the defendant

guilty or not guilty on any one count of the indictment should not influence your verdict with respect to any other count of the indictment.

At any time during your deliberations you may return your verdict of guilty or not guilty with respect to any count.

### Instruction No. 29: Unanimity—General

A verdict must represent the considered judgment of each juror, and in order to return a verdict, each juror must agree on the verdict. In other words, your verdicts must be unanimous.

### Instruction No. 30: Unanimity—Special

The defendant has been charged in Count One with conspiracy to provide material support or resources and in Count Two with providing material support or resources.  The government has alleged that the defendant conspired to and provided material support to be used in preparation for or in carrying out one of the offenses charged in Counts Three through Seventeen.  You may find the defendant guilty on one or both of these counts if the government proves beyond a reasonable doubt that the defendant conspired to and/or provided material support in relation to any one of the offenses charged in Counts Three through Seventeen. However, in order to return a guilty verdict on either of these counts, you must all agree that the defendant conspired to provide or provided the material support to be used in preparation for or in carrying out the same underlying offense—that is, either Count Three, Four, Five, Six, Seven, Eight, Nine, Ten, Eleven, Twelve, Thirteen, Fourteen, Fifteen, Sixteen, or Seventeen.

### Instruction No. 31: Verdict Form Explanation

You will be provided with a Verdict Form for use when you have concluded your deliberations. The form is not evidence in this case, and nothing in it should be taken to suggest or convey any opinion by me as to what the verdict should be. Nothing in the form replaces the

instructions of law I have already given you, and nothing in it replaces or modifies the

instructions about the elements which the government must prove beyond a reasonable doubt.

The form is meant only to assist you in recording your verdict.

## CONCLUDING INSTRUCTIONS

### Instruction No. 32: Cautionary Instruction on Publicity, Communication and Research

I would like to remind you that, in some cases, although not necessarily this one, there

may be reports in the newspaper or on the radio, Internet, or television concerning this case. If

there should be such media coverage in this case, you may be tempted to read, listen to, or watch

it. You must not read, listen to, or watch such reports because you must decide this case solely

on the evidence presented in this courtroom. If any publicity about this trial inadvertently comes

to your attention, do not discuss it with other jurors or anyone else. Just let me or Ms. Jenkins

know as soon after it happens as you can, and I will then briefly discuss it with you.

As you retire to the jury room to deliberate, I also wish to remind you of an instruction I

gave you at the beginning of the trial. During deliberations, you may not communicate with

anyone not on the jury about this case. This includes any electronic communication such as email

or text or any blogging about the case. In addition, you may not conduct any independent

investigation during deliberations. This means you may not conduct any research in person or

electronically via the Internet or in another way.

### Instruction No. 33: Exhibits During Deliberations

I will be sending into the jury room with you the exhibits that have been admitted into

evidence. You may examine any or all of them as you consider your verdict. Please keep in mind

that exhibits that were only marked for identification but were not admitted into evidence will

not be given to you to examine or consider in reaching your verdict.

**Instruction No. 34: Selection of Foreperson**

When you return to the jury room, you should first select a foreperson to preside over your deliberations and to be your spokesperson here in court. There are no specific rules regarding how you should select a foreperson. That is up to you. However, as you go about the task, be mindful of your mission—to reach a fair and just verdict based on the evidence. Consider selecting a foreperson who will be able to facilitate your discussions, who can help you organize the evidence, who will encourage civility and mutual respect among all of you, who will invite each juror to speak up regarding his or her views about the evidence, and who will promote a full and fair consideration of that evidence.

**Instruction No. 35: Communications Between Court and Jury During Jury's Deliberations**

If it becomes necessary during your deliberations to communicate with me, you may send a note through Ms. Jenkins or one of the marshals, signed by your foreperson or by one or more members of the jury. No member of the jury should try to communicate with me about the case except by such a signed note, and I will never communicate with any member of the jury on any matter concerning the merits of this case, except in writing or orally here in open court.

Bear in mind also that you are never, under any circumstances, to reveal to any person—not Ms. Jenkins, the marshal or me—how jurors are voting until after you have reached a unanimous verdict. This means that you should never tell me, in writing or in open court, how the jury is divided on any matter—for example, 6-6 or 7-5 or 11-1, or in any other fashion—whether the vote is for conviction or acquittal or on any other issue in the case.

**Instruction No. 36: Attitude and Conduct of Jurors in Deliberations**

The attitude and conduct of jurors at the beginning of their deliberations are matters of considerable importance. It may not be useful for a juror, upon entering the jury room, to voice a

strong expression of an opinion on the case or to announce a determination to stand for a certain

verdict. When one does that at the outset, a sense of pride may cause that juror to hesitate to back

away from an announced position after a discussion of the case. Furthermore, many juries find it

useful to avoid an initial vote upon retiring to the jury room. Calmly reviewing and discussing

the case at the beginning of deliberations is often a more useful way to proceed. Remember that

you are not partisans or advocates in this matter, but you are judges of the facts.

### Instruction No. 37: Possible Punishment Not Relevant

The question of possible punishment of the defendant in the event of a conviction is not a

concern of yours and should not enter into or influence your deliberations in any way. The duty

of imposing sentence in the event of a conviction rests exclusively with me. Your verdict should

be based solely on the evidence in this case, and you should not consider the matter of

punishment at all.

### Instruction No. 38: Excusing Alternate Jurors

The last thing I must do before you begin your deliberations is to excuse the alternate

jurors. As I told you before, the selection of alternates was an entirely random process; it's

nothing personal. We selected three seats to be the alternate seats before any of you entered the

courtroom and excused one juror during the trial. Since the rest of you have remained healthy

and attentive, I can now excuse those jurors in seats 8 and 14.

Before you two leave, I am going to ask you to make sure Ms. Jenkins has all of your

current information. I do this because it is possible that we will need to summon you back to

rejoin the jury in case something happens to a regular juror. Since that possibility exists, I am

also going to instruct you not to discuss the case with anyone until we call you. My earlier

instruction on use of the Internet still applies; do not research this case or communicate about it

on the Internet. If you are not needed, we will be calling you to tell you there has been a verdict and you are now free to discuss the case; there is, however, a chance that we will need to bring you back on to the jury. Thank you very much for your service, and please report back to the jury office to turn in your badge on your way out.

### Instruction No. 39: Delivering the Verdict

When you have reached your verdict, just send me a note informing me of this fact, and have your foreperson sign the note.  Do not tell me what your verdict is.  The foreperson should fill out and sign the verdict form that will be provided.  I will then call you into the courtroom and ask your foreperson to read your verdict in open court.

Thank you.  You may now retire to begin your deliberations.