

**FILED**

JUN 1 2 2019

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MUSTAFA MUHAMMAD MUFTAH AL-IMAM,<br><br>Defendant. | Case No. 17-cr-213 (CRC) |

### RESPONSE TO JURY NOTE OF JUNE 11, 2019 AT 3:18 PM

The Court regrets that, previously, it provided the jury with an incorrect explanation of what "maliciously" means in the context of Counts Fourteen through Seventeen. For purposes of those Counts, a person acts maliciously if he acts (i) either intentionally or with willful disregard of the likelihood that the particular harm will result, and (ii) not mistakenly or carelessly, and (iii) without legal justification or excuse. This definition replaces the one provided on page 30 of the jury instructions.

For Counts 14 and 15, the "particular harm" is the damage or destruction of property by means of a fire or explosive. The defendant (or one whom he aids and abets or his co-conspirator) therefore must only intend to damage or destroy property by means of a fire or explosive. That person need not have intended to cause death. However, to find the defendant guilty of Count 14 or 15, you still must find that the conduct of the defendant (or one whom he aided and abetted or a co-conspirator) directly or proximately *caused* the death, as set forth in Element Five of the instructions for those counts.

For Counts 16 and 17, the "particular harm" is the destruction or injury to a structure, conveyance, or other real or personal property. The defendant (or one whom he aids and abets or his co-conspirator) therefore must only intend to destroy or injure such property. That person need not have intended to destroy or injure a particular type of property, or to have placed lives in jeopardy. However, to find the defendant guilty of Count 16 or 17, you still must find that he (or one whom he aided and abetted or a co-conspirator) destroyed or injured a dwelling or placed the life of any person in jeopardy, as set forth in Element Four of the instructions for those counts.

Date: June 12, 2019



**FILED**
JUN 1 2 2019
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.

MUSTAFA MUHAMMAD MUFTAH AL-IMAM,

Defendant.

Case No. 17-cr-213 (CRC)

### RESPONSE TO JURY NOTE OF JUNE 11, 2019 AT 3:11 PM

As I instructed you as to Count One, it is against the law to agree with someone to commit the crime of providing material support or resources while knowing or intending that they are to be used in preparation for, or in carrying out, at least one of the crimes charged in Counts Three through Seventeen. To find the defendant guilty of conspiracy, you must find that he entered into an agreement to commit any one of the offenses listed in Counts Three through Seventeen, and agreed to provide material support in the form of personnel (one or more persons including himself) for the preparation for or carrying out of that offense. The objects and purposes of the conspiracy listed on pages 15 and 16 of the instructions are intended to describe the scope of the charged conspiracy. However, they are not elements of the offense of conspiracy itself, and the government is not required to prove that the defendant agreed with each object and purpose. The Court reminds the jury that to return a guilty verdict on Count One, you must agree unanimously on which underlying offense the defendant agreed to provide personnel for the preparation or carrying out of—that is, Count Three, Four, Five, Six, Seven, Eight, Nine, Ten, Eleven, Twelve, Thirteen, Fourteen, Fifteen, Sixteen, or Seventeen.

Date: June 12, 2019