**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | )   Crim. No. 17-CR-213 (CRC) |
| MUSTAFA AL-IMAM, | ) |
| | ) |
| Defendant. | ) |

## MOTION FOR A NEW TRIAL AND FOR A BRIEFING SCHEDULE

Pursuant to Fed. R. Crim. P. 33 and 45, Defendant Mustafa Al-Imam respectfully requests that the Court (i) vacate the judgment on Counts 1 and 16 and order a new trial; and (ii) establish a briefing schedule for this motion. Defendant has consulted with the government about the timing of this motion, and the government has consented to the filing of a placeholder motion within the time allotted by Rule 33, followed by a briefing schedule starting after its decision on any retrial of the hung counts. In support of this motion, Defendant states as follows:

1. Defendant Mustafa Al-Imam was charged in a Superseding Indictment with seventeen counts stemming from the attack on the U.S. Special Mission and CIA Annex in Benghazi, Libya. After a four-week trial, a jury convicted Al-Imam of Count 16 (Maliciously Injuring a Dwelling) and Count 1 (conspiracy to provide material support in the preparation or carrying out of Count 16). The jury hung on the remaining counts, and the government requested until July 17, 2019 to decide whether to retry Al-Imam on those counts.

2. If the government elects not to retry Al-Imam on the remaining counts, Al-Imam would withdraw this motion and proceed to sentencing on Counts 1 and 16. However, if the government elects to retry Al-Imam, he would respectfully request a briefing schedule for this motion for a new trial on Counts 1 and 16, so that these counts could be included in any retrial.

3.      Pursuant to Rule 33, the interests of justice require a new trial on Counts 1 and 16. Reasons the interest of justice require a new trial include, *inter alia*: (i) after returning a verdict on Counts 1 and 16, the jury submitted a note indicating that it did not have a unanimous understanding of the term "injure a dwelling," which was the essence of the counts for which the jury returned a verdict; (ii) the Court erroneously permitted the government to elicit opinion testimony about the culpability of Ahmed Abu Khatallah for the charged attacks from a New York Times reporter that was based entirely on hearsay, after initially sustaining a defense objection to the same question; (iii) the government's rebuttal closing contained misstatements of testimony that, while mitigated by the Court's instruction that the jury's memory controls, substantially prejudiced the defense due to the likely lack of jury memory from a long trial and the inability of the defense to correct the record after rebuttal; (iv) the Court erroneously admitted expert testimony about "site exploitation" by numerous militarily-trained fact witnesses under the guise of background credentials, including hypothetical questions that are the hallmark of expert testimony; (v) the government used unexpected testimony by Officer Anthony Marcano regarding Al-Imam's statements about General Khalifa Haftar to argue that Al-Imam was anti-American and pro-extremist, which could have been countered by defense witnesses with factual knowledge of pro-American individuals and militias, including Fathi al-Obeidi, that fought Haftar during the relevant timeframe;[1] (vi) the Court permitted the government to elicit extensive lay opinion testimony about the beliefs, activities, and organizations of militia groups based on hearsay, while preventing similar testimony from witness Roy Edwards; (vii) Agent Justin O'Donnell prejudicially referred to an online picture of Al-Imam holding weapon at a February 17th Brigade

---

[1] This testimony was a surprise because the FBI 302 report of Al-Imam's statements portrayed Al-Imam was reporting on the views of Libyan residents, not expressing his personal opinions. However, notes of the interview were too ambiguous to successfully confront Officer Marcano on his claim that Al-Imam was expressing his personal view of Haftar and the United States.

camp in response to a defense question regarding the personal observations of witness Ali Majrisi, who had testified in a prior deposition that he had only seen Al Imam carry a weapon one time; and (viii) the nature of the jury's questions and verdicts suggest that the jury was not prepared to make a finding that Count 16 was directed at U.S. nationals, which could have been a basis for the jury to conclude that the conduct was not within the special maritime and territorial jurisdiction of the United States, had the instructions been clearer on this requirement.

4.       Cumulatively, the above issues, and others to be identified in post-trial briefing, make it in the interest of justice to permit a retrial of Counts 1 and 16 along with any retrial of the hung counts. Significantly, Al-Imam is not requesting a new trial on those counts alone, so there would be no additional cost to the public or sacrifices by individual jurors that would result from a new trial on Counts 1 and 16.

5.       Since the government has several weeks to make a decision on a retrial, Al-Imam respectfully requests that full briefing on this motion be permitted after the government's decision. This will preserve resources and prevent unnecessary briefing should the government decide not to pursue a new trial on the hung counts, since Al-Imam would not seek a new trial under Rule 33 on Counts 1 and 16 standing alone. The government consents to this procedure.

WHEREFORE, for the foregoing reasons, Defendant Al-Imam respectfully requests a new trial on Counts 1 and 16 if the government elects to retry the hung counts of the Superseding Indictment, and respectfully requests a briefing schedule on this motion following the deadline for the government's decision on any retrial. A proposed order is attached.

June 27, 2019                               Respectfully submitted,

                                            /s/ Matthew J. Peed
                                            Matthew J. Peed (D.C. Bar No. 503328)
                                            CLINTON & PEED
                                            777 Sixth St. N.W., 11th Floor
                                            Washington, DC 20001
                                            (202) 621-1828 (tel)
                                            (202) 204-6320 (fax)

                                            *Counsel for Defendant Mustafa Al-Imam*